(03/20)

## JUDGE ILLSTON'S STANDING ORDER

1. Scheduling Days:

Civil Law and Motion Calendar is conducted on Fridays at 10:00 a.m.

Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

Civil Case Management Conferences are generally conducted on Fridays at 2:30 p.m. with the order of call determined by the Court.

Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30 p.m.

Counsel need not reserve motion hearing dates, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

All parties are directed to comply with the Civil Local Rules except as identified in this Order.

2. Sentencing Memorandum and/or Request to Continue Sentencing:

Counsel must comply with Crim. L.R. 32-5 (b) and (c). **The sentencing memorandum must be filed no later than 7 days prior to the date set for sentencing** and any response must be filed no later than 3 days prior to the date set for sentencing. In the event counsel determines that no sentencing memorandum is necessary, a notice indicating such must be filed no later than 7 days prior to the date set for sentencing. **Any request to continue a date set for sentence must be filed no later than 7 days prior to the scheduled date.**

3. Discovery Disputes:

The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.

If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of 5 pages or less, stating the nature and status of their dispute. Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.

If a joint statement is not possible, each side may submit a brief individual statement of 2 pages or less. The joint statement or individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.

The Court will advise the parties regarding the need, if any, for more formal briefing or

a hearing, pursuant to Civil Local Rule 7-1(b).

4. Courtesy Copies:

All courtesy copies must be unstapled and three-hole punched at the left margin. All courtesy copies must bear the ECF stamp (case number, document number, date and page number) on the top of each page.

The parties shall observe the timelines for delivering courtesy copies as set by Civil Local Rule 5-1(e)(7). This includes the requirement that courtesy copies of documents filed in connection with a hearing or proceeding to be held within 7 days of the filing must be delivered to the Clerk's Office no later than noon on the court day following the day that the documents were electronically filed. *See* Civil Local Rule 5-1(e)(7)(E).

5. Summary Judgment Motions:

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

6. Courtroom Technology Information:

All parties are instructed to review the information regarding the use of courtroom technology and electronic evidence presentation (EEPS) which is provided on the Court's web site at http://cand.uscourts.gov/courtroomtech, and to prepare accordingly. Questions and/or requests to pre-test equipment should be sent to the Courtroom Clerk.

7. Requests to Appear Telephonically:

Telephonic Appearances for court hearings are permitted without the need of filing a formal request or motion. Counsel shall contact the Courtroom Clerk, Teddy Van Ness, at (415) 522-2028, to obtain further instructions.

8. Filing Documents Under Seal in Civil Cases:

Motions to seal shall be filed in accordance with Civil Local Rule 79-5. Failure to follow the local rules may result in summary denial of the motion.

a.    Designating information as confidential:

Before designating any specific information "Confidential" or "Confidential-Attorneys' Eyes Only," the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. The burden of establishing confidentiality shall be on the designating party.

Before seeking to file under seal a document or portion of a document that another party has designated as "Confidential" or "Confidential-Attorneys' Eyes Only," counsel shall review the document. If in counsel's good faith judgment portions or all of the document have been unnecessarily designated as confidential or no longer require

confidential treatment, counsel shall meet and confer with counsel for the designating party to attempt to resolve the issue.

b.    Declarations in support:

The declaration in support of sealing or in support of redaction must make a specific showing explaining why the document or excerpt sought to be sealed may justifiably be sealed, rather than making a blanket statement about the grounds for sealing or redaction.  The declaration must state whether the "compelling reasons" or "good cause" standard applies and why.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1101 (9th Cir. 2016).

c.    Courtesy copies:

For documents submitted in connection with administrative motions to seal, parties shall provide courtesy copies of the **unredacted** documents with proposed redacted material highlighted, as required by Civil Local Rule 79-5(d)(1)(D), **only**.  Do not submit courtesy copies of the **redacted** versions of documents sought to be sealed.

To the extent that filings include both sealed and non-sealed materials, courtesy copies should include all material, including the **unredacted** version of proposed sealed material integrated with the non-sealed material.  For instance, a courtesy copy of a declaration in which the parties sought to seal Exhibit 2 would contain: the declaration; Exhibit 1; unredacted version of Exhibit 2 with proposed redacted material highlighted; Exhibit 3; etc.

d.    Proposed orders:

Proposed orders on administrative motions to seal must conform to the following format:

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Motion at page 2, lines 10-11 | Jones Declaration ¶ 1 | |
| Motion at page 5, lines 4-7 | Jones Declaration ¶ 2 | |

When a designating party files a declaration in support of another party's motion to seal, as required by Civil Local Rule 79-5(e)(1), and the designating party narrows the submitting party's original sealing request, the designating party shall submit a new proposed order consistent with the narrowed request.

**IT IS SO ORDERED.**

**Dated: 3/11/20**

**SUSAN ILLSTON**
**United States District Judge**

3