ROGER I. TEICH
California State Bar No. 147076
290 Nevada Street
San Francisco, CA 94110
Telephone: (415) 948-0045
E-Mail Address: rteich@juno.com

ROBERT F. KENNEDY, JR.
MARY HOLLAND
Children's Health Defense
1227 North Peachtree Parkway, Suite 202
Peachtree City, GA 30269
Telephone: (917) 743-3868
E-Mail Address: mary.holland@childrenshealthdefense.org
(*Subject to pro hac vice admission*)

Attorneys for Plaintiff
CHILDREN'S HEALTH DEFENSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., et al., , <br><br> Defendants. | Case No. 20-cv-05787-SI <br><br> **WITHDRAWAL OF CONSENT TO STIPULATION AND REQUEST FOR CASE MANAGEMENT AND SUBSTITUTED SERVICE ORDERS; ROGER TEICH DECLARATION** <br><br> Fed. R. Civ. Pro. 4(f)(3), 16(c)(2) |

There's an old saying that "short honeymoons are better than no honeymoons, but long honeymoons are best of all." Yet, even by the standard of shotgun marriages, the "honeymoon" between opposing counsel in this case was exceptionally short.

In light of the inaccuracy of Facebook defense counsel's declaration, plaintiff withdraws its consent to the Civil Local Rule 6-2(A) Stipulation [Dkt. #24]. Instead, plaintiff requests this Court issue an Order under Fed. R. Civ. Pro. 16(c) to manage this potentially difficult action, and facilitate in other ways its just, speedy, and inexpensive disposition. Plaintiff also seeks an order for substituted electronic service of defendants Zuckerberg and Science Feedback, a French organization, through Facebook/Zuckerberg's counsel under Fed. R. Civ. Pro. 4(f)(3).

**A. Defects in Facebook Counsel's Declaration**

On September 4 and 9, 2020, plaintiff's counsel conditioned their discussions of reciprocal 45-day extensions of defendants' response to the Complaint on three requests: (1) the four U.S. defendants file a unitary, if oversized, motion to dismiss, rather than four separate, but overlapping, briefs; (2) Facebook's counsel accept substituted electronic service on behalf of its separate client, Mark Zuckerberg, who is joined individually, and respond regarding substituted service on Science Feedback, a related French organization, and all U.S. defendants' counsel accept electronic service of the Court's assignment and case management orders [Dkts. ##14, 15]; (3) Facebook's counsel agree to meet and confer regarding ESI-retention protocols, and agree not to apply newly-amended Section 3.2 of Facebook's Terms of Service to Plaintiff during this litigation since that amendment postdates the lawsuit, and its

application would represent retaliatory misconduct and potential spoliation. To date, Facebook's counsel has responded only that they will "get back to" plaintiff's counsel regarding these requests, and that a meet and confer regarding ESI-retention is "premature." (Teich Dec. ¶¶2-3.)

Facebook counsel's declaration is inaccurate in omitting these material facts. See Dkt. #24-1 at ¶¶3-5. Accordingly, plaintiff withdraws its consent to the Stipulations filed yesterday [Dkts. ##23, 24.] However, with this additional explanation of the good cause basis for plaintiff's request for 69-days to respond to four (or five, see infra) defendants' separate motions to dismiss, plaintiff agrees to the proposed briefing schedule.

**B. Request for Rule 16(c) Order**

Fed. R. Civ. Pro. 16(c)(2) allows for pretrial management of civil cases. Specifically, sections 16(c)(2)(A), (L), (N) and (P) provide as follows:

> 16 (c) Attendance and Matters for Consideration at a Pretrial Conference.
> . . .
> (2) Matters for Consideration. At any pretrial conference, the court may consider and take appropriate action on the following matters:
>
> >  (A) formulating and simplifying the issues, and eliminating frivolous claims or defenses;
> > . . . .
> >
> > (L) adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;
> > . . . .
> >
> > (P) facilitating in other ways the just, speedy and inexpensive disposition of the action.

3   **REQUEST FOR RULE 4(f)(3) and 16(c)(2) ORDERS**
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SK

These provisions grant the Court broad authority to manage this case, and determine the order of issues for resolution, and ways to eliminate frivolous defenses, and facilitate a just, speedy, and inexpensive resolution. See Avila v. Willits Envtl. Remediation Trust, 633 F. 3d 828, 833-834 (9th Cir. 2011) (quoting Rule 16(c)(2)(L)) (Rule 16, which grants district court judges "broad discretion . . . to adopt 'special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.").

Plaintiff requests a Rule 16(c) order which mandates this briefing schedule for all defendants' response to the Complaint:

1. All defendants shall answer, move, or otherwise respond to the Complaint by October 23, 2020.

2. Plaintiff's Opposition to any Rule 12 motions or other responses filed by Defendants shall be due by December 21, 2020.

3. Defendants' Replies to Plaintiff's Opposition shall be due by January 21, 2021.

4. Additionally, the Order should require that opposing lead counsel for Facebook meet and confer concerning ESI-retention protocols, and the application or non-application of amended Section 3.2 of Facebook's Terms to plaintiff within five-days of issuance of the Order.

C. **Substituted Electronic Service on Defendant Zuckerberg**

On or about August 19, 2020, plaintiff attempted service on defendant Zuckerberg by leaving a copy of the Summons and Complaint and related documents with security personnel

at Facebook's corporate headquarters within this district. Zuckerberg's counsel has reserved the right to challenge defects in this service. [Dkt. #23 at 1 n.1; Dkt. #24 at 1 n.1.] Zuckerberg's counsel refused to accept substituted electronic service, even of this Court's assignment and case management orders, writing vaguely that he would "get back to us." (Teich Dec. ¶4.)

Plaintiff previously received an estimate that effecting personal service on Zuckerberg himself would likely cost tens of thousands of dollars because, inter alia, "he owns numerous, well-fortified compounds and islands around the US/world and is cautious to the point that some would call him 'paranoid.' He likely has a large security detail surrounding him at all times. Serving him personally will require surveillance with multiple operatives on multiple fronts and state lines and will likely cost tens of thousands of dollars, if not more." (Id. at ¶5.)

Facebook's counsel has entered four separate appearances in this case on behalf of Zuckerberg individually. (Dkts. ## 19, 25-27.) Accordingly, and in light of the potential expense and delay of effecting personal service on Zuckerberg, plaintiff seeks an order pursuant to Fed. Rule Civ. Pro. 4(f)(3) authorizing substituted electronic service of process of the Summons and Complaint, and related documents, including this court's assignment and case management conference orders, through Zuckerberg's retained counsel. Rule 16(c)(2)(P) also warrants issuance of the order in the interest of a "just, speedy, and inexpensive resolution" of this action.

**D. Substituted Electronic Service on Defendant Science Feedback**

Counsel has identified defendant Science Feedback's current address as 16 rue Furtado Heine, 75014 Paris, France, and Emmanuel Vincent as its Founder and Director. Neither has a publicly-available email address, and plaintiff's foreign process agent cannot establish without surveillance whether anyone is physically present at that address to accept the documents. Facebook counsel have not agreed to accept electronic substituted service on Science Feedback of the English and French-translated Summons and Complaint and related documents. Indeed, Facebook's counsel purported not to know who or what Science Feedback is, notwithstanding its contractual privity with Facebook, and its coordinated role in the actions and events which give rise to the case. In subsequent emails, Facebook's counsel has not addressed the issue or changed its position. (Teich Dec. ¶6.)

"Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants." Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd., 2017 U.S. Dist. LEXIS 55430 (N.D. Cal. Apr. 11, 2017).  Further, courts in this district have found that service by email is reasonably calculated to provide actual notice. See, e.g. Facebook, Inc. v. Banana Ads, LLC, 2012 U.S. Dist. LEXIS 42160 (N.D. Cal. Mar. 27, 2012) (finding service on foreign defendants via email was not prohibited by international agreement). In Facebook, the court reached this conclusion by explaining that the foreign defendants were involved in commercial internet activities, the foreign defendants relied on electronic communications to operate their businesses and plaintiff had valid email addresses for them, and that the plaintiff demonstrated it had made attempts to serve the defendants at physical

addresses that proved unsuitable for service. Id. Here, as in that case, Science Feedback is involved in commercial internet activities, namely running a "fact-checker" platform which is used by Facebook to create opposition content on and concerning plaintiff's Facebook page, and which content lies at the heart of this lawsuit. And, as in Facebook, Science Feedback relies on electronic communications to operate its business, though apparently neither the organization nor its director maintains a valid publicly-available email address. (Teich Dec. ¶6.) Further, as in Facebook, and Cal. Beach Co., LLC v. Exqline, Inc., 2020 U.S. Dist. LEXIS 119027 (N.D. Cal. July 7, 2020), Science Feedback's current physical address may be unsuitable for service at this time and for the foreseeable future due to COVID-19. Accordingly, substituted electronic service of Science Feedbackc thorugh Facebook's U.S. counsel comports with due process requirements, and permits the case to proceed expeditiously with completed service on all defendants, and an adequate opportunity for all of them to respond according to the schedule outlined above.

Dated:  September 10, 2020              Respectfully submitted,

ROBERT F. KENNEDY, JR.
Founder and Chairman, Children's Health Defense

MARY S. HOLLAND
General Counsel, Children's Health Defense



1
2         ROGER I. TEICH
3         Counsel for Plaintiff
4         Children's Health Defense
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28