1  ROGER I. TEICH
   California State Bar No. 147076
2  290 Nevada Street
   San Francisco, CA 94110
3  Telephone:  (415) 948-0045
   E-Mail Address:  rteich@juno.com
4
5  ROBERT F. KENNEDY, JR.
   MARY HOLLAND
6  Children's Health Defense
   1227 North Peachtree Parkway, Suite 202
7  Peachtree City, GA 30269
   Telephone:  (917) 743-3868
8  E-Mail Address:  mary.holland@childrenshealthdefense.org
9  (*Subject to pro hac vice admission*)
10 Attorneys for Plaintiff
   CHILDREN'S HEALTH DEFENSE
11

12               UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16

17

18 CHILDREN'S HEALTH DEFENSE,

19           Plaintiff,                    Case No. 20-cv-05787-SI

20       v.                                **DECLARATION OF ROGER TEICH IN
                                           SUPPORT OF WITHDRAWAL OF
21                                         CONSENT TO STIPULATION AND
                                           REQUEST FOR RULE 4(F)(3), 16(C)(2)
22 FACEBOOK, INC., et al., ,               ORDERS**

23           Defendants.

24

25

26

27

28

                                   1        **ROGER TEICH DECLARATION RE:
                                             RULE 4(f)(3) and 16(c)(2) ORDERS**
                                        *CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF ROGER I. TEICH

I, Roger I. Teich, declare as follows:

1.      I am a member of the State Bar of California and the Bar of the United States District Court for the Northern District of California.  On August 17, 2020, I filed the verified Complaint in this civil action. This declaration is made in support of plaintiff's withdrawal of consent to Stipulations [Dkts. ##23-24], and requests for case management order (Fed. R. Civ. Pro.  16(c)) and order for substituted electronic service of defendants Mark Zuckerberg and Science Feedback (Fed. R. Civ. Pro. 4(f)(3).) If called as a witness, I could and would testify competently to the facts herein, except as to those matters stated on information and belief.

A.      **Defects in Facebook Counsel's Declaration**

2.      Both in our phone discussions and email communications on September 4 and 9, 2020, Mary S. Holland, general counsel for Children's Health Defense, and I conditioned our discussion regarding reciprocal 45-day extensions of defendants' response to the Complaint on three requests: (1) the four U.S. defendants file a unitary, if oversized, motion to dismiss, rather than four separate, but overlapping, briefs; (2) Facebook's counsel accept substituted electronic service on behalf of its separate client, Mark Zuckerberg, who is joined individually, and respond regarding substituted service on Science Feedback, a related French organization, and all U.S. defendants' counsel accept electronic service of the Court's assignment and case management orders [Dkts. ##14, 15]; (3) Facebook's counsel agree to meet and confer regarding ESI-retention protocols, and agree not to apply newly-amended

ROGER TEICH DECLARATION RE:
RULE 4(f)(3) and 16(c)(2) ORDERS
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SK

Section 3.2 of Facebook's Terms of Service to Plaintiff during this litigation since that amendment postdates the lawsuit, and its application would represent retaliatory misconduct and potential spoliation.

3.   To date, Facebook's counsel has responded only that they will "get back to" us at some future indefinite time regarding these requests, and that a meet and confer regarding ESI-retention is "premature." I believe Paragraphs 3-5 of Facebook counsel's declaration are inaccurate in omitting these material facts. See Dkt. #24-1 at ¶¶3-5. Accordingly, plaintiff withdraws its consent to the Stipulations filed yesterday [Dkts. ##23, 2], while requesting that the Court adopt the same briefing schedule in a sua sponte order. Additionally, plaintiff requests an Order requiring that opposing lead counsel meet and confer concerning ESI-retention protocols, and the application or non-application of amended Section 3.2 of Facebook's Terms to plaintiff within five-days of issuance of the Order.

**B.  Substituted Electronic Service on Defendant Zuckerberg**

4.   On information and belief, on or about August 19, 2020, plaintiff attempted service on defendant Zuckerberg by leaving a copy of the Summons and Complaint and related documents with security personnel at Facebook's corporate headquarters within this district. Zuckerberg's counsel has reserved the right to challenge defects in this service. [Dkt. #23 at 1 n.1; Dkt. #24 at 1 n.1.] Zuckerberg's counsel refused to accept substituted electronic service, even of this Court's assignment and case management orders, writing vaguely that he would "get back to us."

**ROGER TEICH DECLARATION RE:
RULE 4(f)(3) and 16(c)(2) ORDERS**
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SK

5.      I previously received an estimate from a San Franciso-based private investigator that effecting personal service on Zuckerberg himself would likely cost tens of thousands of dollars because, inter alia, "he owns numerous, well-fortified compounds and islands around the US/world and is cautious to the point that some would call him 'paranoid.' He likely has a large security detail surrounding him at all times. Serving him personally will require surveillance with multiple operatives on multiple fronts and state lines and will likely cost tens of thousands of dollars, if not more."

## C. Substituted Electronic Service on Defendant Science Feedback

6.      Plaintiff's foreign process agent has identified defendant Science Feedback's current address as 16 rue Furtado Heine, 75014 Paris, France, and Emmanuel Vincent as its Founder and Director. On information and belief, neither the organization nor its director maintains a publicly-available email address, and plaintiff's foreign process agent cannot establish without surveillance whether anyone is physically present at that address to accept the documents. Facebook counsel have not agreed to accept electronic substituted service on Science Feedback of the English and French-translated Summons and Complaint and related documents. Indeed, Facebook's counsel purported not to know who or what Science Feedback is, notwithstanding its contractual privity with Facebook, and its coordinated role in the actions and events which give rise to the case. In subsequent emails, Facebook's counsel has not addressed the issue or revised its position.

ROGER TEICH DECLARATION RE:
RULE 4(f)(3) and 16(c)(2) ORDERS
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SK

1       I declare under penalty of perjury under the laws of the United States that the foregoing

2   is true and correct to the best of my knowledge and that this declaration was executed in

3

4   Elk, California on September 10, 2020.

5

6   

7   ROGER I. TEICH

8   Counsel for Plaintiff

9   Children's Health Defense

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROGER TEICH DECLARATION RE:
RULE 4(f)(3) and 16(c)(2) ORDERS
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SK