SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
  Allison.Schultz@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 63-6363

*Attorneys for Defendants*
FACEBOOK, INC. and
MARK ZUCKERBERG

KEVIN L. VICK (SBN 220738)
  kvick@jassyvick.com
JASSY VICK CAROLAN LLP
800 Wilshire Blvd.
Suite 800
Los Angeles, California 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

CAROL JEAN LOCICERO (*pro hac vice*)
  clocicero@tlolawfirm.com
MARK R. CARAMANICA (*pro hac vice*)
  mcaramanica@tlolawfirm.com
THOMAS & LOCICERO
601 South Boulevard
Tampa, Florida 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070

DANIELA B. ABRATT (*pro hac vice*)
  dabratt@tlolawfirm.com
THOMAS & LOCICERO
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
Telephone: (954) 703-3416
Facsimile: (954) 400-5415

*Attorneys for Defendants*
  THE POYNTER INSTITUTE FOR MEDIA
  STUDIES, INC. and POLITIFACT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., ET AL.,<br><br>Defendants. | Case No. 3:20-cv-05787-SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR CASE MANAGEMENT AND SUBSTITUTED SERVICE ORDERS** |

Every one of the requests in Children's Health Defense's ("CHD") motion is moot, meritless, or made-up. Through its motion, CHD purports to withdraw consent from two stipulations and asks this Court to enter orders (1) mandating the *exact same briefing schedule provided* for in the stipulations and entered by this Court, (2) requiring counsel for CHD and Facebook to meet and confer regarding ESI-retention protocols and an upcoming amendment to Facebook's Terms of Service and weeks before the time required under Federal Rule of Civil Procedure 26(f) and this Court's rules, (3) requiring that counsel for Facebook accept substitute electronic service on behalf of Mark Zuckerberg, and (4) requiring that counsel for Facebook also accept service on behalf of foreign defendant Science Feedback. But (1) the Court already entered the briefing schedule Plaintiff requests, (2) the parties will meet-and-confer as required under the local rules before the upcoming Case Management Conference, (3) counsel for Facebook agreed to accept electronic service for Mr. Zuckerberg upon conferring with their client, and (4) CHD's attempt to force counsel for Facebook to accept service on behalf of an unrelated foreign entity has no basis in law and would violate baseline principles of due process. Moreover, CHD bases its withdrawal of consent on the alleged omission from Defendants' declaration (Doc. 24-1) of various conditions CHD now contends to have placed on its consent to a prior, never-filed iteration of that stipulation. CHD never conditioned its consent to the stipulation as it now argues, and, in any event, its consent to a prior iteration of that stipulation has no bearing on the relief now sought.

### I. The Requests For A Briefing Schedule And Mandated Substitute Service On Mr. Zuckerberg Are Moot

There is no dispute regarding either the proposed briefing schedule for any Rule 12 motions or substitute electronic service on Mr. Zuckerberg. The Court already entered the briefing schedule CHD now requests, which is identical to the briefing schedule to which CHD stipulated. Doc. 29. And, WilmerHale agreed to accept electronic service for Mr. Zuckerberg after taking the necessary step of obtaining authorization from its client to do so. Holtzblatt Decl. ¶ 14 & Ex. E at 1; *see also* Doc. 35 (Plaintiff's Affidavit of Substituted Service on Defendant Mark Zuckerberg). CHD's requests for a Rule 16(c) Order setting the schedule already established by this Court and for a Rule 4(f)(3) Order authorizing substituted electronic service on Mr. Zuckerberg should therefore be denied as moot.

- 1 -

## II. CHD's Remaining Requests Are Unwarranted

CHD requests an order requiring Facebook to meet and confer within five days of that order. This request is both unnecessary and unsupported. Facebook has already told CHD's counsel that it will meet-and-confer with CHD regarding "issues about preserving discoverable information" "at least 21 days before a scheduling conference is to be held," Fed. R. Civ. P. 26(f)—i.e., by October 30, 21 days before the case management conference scheduled for November 20, 2020, *see* Doc. 15. Moreover, CHD has not articulated with any specificity why it would make sense to accelerate the normal schedule for the parties to confer on these issues, let alone why this schedule issue requires intervention by the Court. Instead, CHD asserts, without explanation, that an upcoming amendment to Facebook's Terms of Service[1] somehow requires immediate discussion. Despite Facebook's repeated requests for clarification, Holtzblatt Decl. ¶¶ 9, 15, and the need to provide *some* justification for the relief now sought, CHD has offered only the conclusory allegation that applying the amended rule to CHD "would represent retaliatory misconduct and potential spoliation," Doc. 28, at 2-3; *see also* Holtzblatt Decl. ¶ 16 & Ex. G at 11, 13. And CHD has never explained why it believes its conduct could run afoul of amended Section 3.2, why it believes there is some risk that the amended Section 3.2 will apply to it (beyond its unexplained and implausible concern that Section 3.2 was adopted specifically to retaliate against CHD), or why it believes that the hypothetical application of Section 3.2 to CHD would result in spoliation. Holtzblatt Decl. ¶¶ 9, 16 & Ex. G at 11, 13. In any event, Facebook is, of course, well aware of its preservation obligations. The Court should deny CHD's unfounded request that it order a meet-and-confer on a more expedited timetable than required under the Federal and local Rules, on subjects with no apparent relevance to this litigation.

CHD next requests an order mandating substitute electronic service on foreign Defendant Science Feedback through counsel for Facebook. But such service would violate well-established

---

[1] Effective October 1, 2020, Section 3-2 of Facebook's Terms of Service, which sets forth what users "can share and do on Facebook," will be amended to provide that Facebook "also can remove or restrict access to your content, services or information if we determine that doing so is reasonably necessary to avoid or mitigate adverse legal or regulatory impacts to Facebook." *Terms of Service*, available at https://www.facebook.com/legal/terms/preview.

- 2 -

due-process principles because it would not be "reasonably calculated, under all the circumstances, to apprise [Science Feedback] of the pendency of the action." *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 314 (1950). Science Feedback has no corporate relationship to Facebook. It is nothing more than an independent contractor; the Complaint alleges only that Facebook engaged Science Feedback as a fact-checker, and that Facebook compensates Science Feedback for providing fact-checking services, Compl. ¶¶ 20, 86, 119, 122; and counsel for Facebook has no independent relationship with Science Feedback, Holtzblatt Decl. ¶ 17; Mehta Decl. ¶ 4. None of these facts establish that service on Facebook would be "reasonably calculated" to apprise Science Feedback of the pendency of the action. The only case CHD cites for this proposition, *Products & Ventures International v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1378532 (N.D. Cal. April 11, 2017), involved the entirely distinguishable situation where plaintiffs sought to serve a foreign defendant in a multiparty case, and counsel for one already-served defendant had previously stated that it represented the foreign defendant and had a "close connection" with it. *Id.* at *4-5. Because no such connection exists here, substitute service through counsel for Facebook would violate the dictates of due process.

**III.   CHD's Motion Misstates The Record**

Defendants wish to correct the record regarding the purported inaccuracies in counsel's declaration in support of the Rule 6-2 Stipulation. CHD contends that the declaration was "inaccurate in omitting the[] material facts" that its counsel had "conditioned their discussions of reciprocal 45-day extensions of defendants' response to the Complaint on three requests":  (1) that the four U.S. defendants (i.e., Facebook, Mr. Zuckerberg, The Poynter Institute for Media Studies, and PolitiFact) file a single motion to dismiss; (2) that counsel for Facebook and Mark Zuckerberg accept service on behalf of Mr. Zuckerberg; and (3) that counsel for Facebook agree to meet and confer regarding ESI-retention protocols and agree not to apply amended Section 3.2 of Facebook's Terms of Service to CHD during the pendency of this litigation. (Doc. 28, at 2-3). That is both inaccurate and irrelevant to Plaintiff's consent to the 60-day extensions reflected in the filed Stipulations.

- 3 -

Case No.: 3:20-cv-05787-SI                         Defendants' Opposition to Plaintiff's
                                                   Request for Case Management and
                                                   Substituted Service Orders

On September 4, 2020—the day after being retained—counsel for Facebook and Mr. Zuckerberg spoke with counsel for CHD to request an extension of time to respond to the Complaint. Mehta Decl. ¶ 2. Counsel for CHD agreed to an extension up to and including October 23, 2020, conditioned upon a reciprocal 45-day extension for Plaintiff to oppose any Rule 12 motions, up to and including December 7, 2020. Mehta Decl. ¶¶ 2, 5. Immediately following that telephone call, Counsel for CHD sent counsel for all U.S. Defendants an email stating: "we agreed to a schedule in which (1) your client defendants will file responses to the Complaint by Friday, October 23, 2020; and (2) plaintiff will file its opposition to any motion to dismiss by Monday, December 7, 2020." Mehta Decl. Ex. A. The email communicated only one condition to CHD's consent: the "assum[ption] that [counsel for Facebook] will also be representing Mark Zuckerberg individually, and that his response and plaintiff's responsive pleading (if any) will be governed by the stipulation." *Id.*

Nonetheless, when defendants sent counsel for CHD a proposed stipulation reflecting the agreed-upon 45-day extensions, counsel revoked his prior agreement. Mehta Decl. ¶ 7 & Ex. B; Holtzblatt Decl. ¶ 2 & Ex. A. CHD requested an additional 14 days for its opposition to any Rule 12 motions, proposing instead deadlines of December 21, 2020 for CHD's oppositions and January 21, 2021 for Defendants' replies. Holtzblatt Decl. ¶ 2 & Ex. A at 10. During a phone conference on September 9, 2020, counsel for CHD argued that the additional time was reasonable in light of, among other things, the fact that CHD would likely be responding to multiple motions. *Id.* ¶¶ 3-4. Defendants reluctantly agreed to the extended schedule, and discussed, but did not agree, to accept electronic service of various filings and to meet and confer regarding ESI and amended Section 3.2 because counsel first needed to discuss each of these separate issues with his clients. *Id.* ¶¶ 5-9.

Following the call, counsel for Defendants sent counsel for CHD revised stipulations that reflected the additional time and that addressed no other issues. *Id.* ¶ 10 & Ex. B. Counsel for CHD responded: "You have my consent to file these Stipulations and [Proposed] Order." *Id.* ¶ 11 & Ex. C at 1. *Separate* from his consent to file, Plaintiff's counsel asked: (1) whether WilmerHale would accept service on behalf of Mr. Zuckerberg; (2) whether defendants would consent to accept

- 4 -

CASE NO.: 3:20-CV-05787-SI            DEFENDANTS' OPPOSITION TO PLAINTIFF'S
                                      REQUEST FOR CASE MANAGEMENT AND
                                      SUBSTITUTED SERVICE ORDERS

electronic service of the reassignment Order (Doc. 14), and Order setting the initial case management conference (Doc. 15); and whether defendants agreed to his "suggested" date for a call regarding ESI and amended Section 3.2 or could "suggest another day / time" for those discussions. *Id.* He did not state that his consent to file the stipulations was conditioned on receiving satisfactory responses to those questions. Prior to filing the agreed-upon stipulations, counsel for Facebook and Mr. Zuckerberg informed counsel for CHD that he would "get back to" Plaintiff's counsel regarding substitute electronic service and made clear that Defendants "did not agree to calendar a call regarding ESI-retention protocols at this time." *Id.* ¶ 12 & Ex. D at 1. Approximately two hours later, Defendants filed the Stipulations. *Id.* ¶ 13. The next day, without first making any attempt to resolve these disputes directly with Defendants, CHD filed its purported withdrawal of consent and motion for orders under Rules 16(c) and 4(f).

For the foregoing reasons, the Court should deny the Rule 16(c) and Rule 4(f) orders requested by Plaintiff.

Dated:  September 24, 2020

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:  /s/ Sonal N. Mehta
     SONAL N. MEHTA

*Attorney for Defendants*
Facebook, Inc. and Mark Zuckerberg

Dated:  September 24, 2020

JASSY VICK CAROLAN LLP

By:  /s/ Kevin L. Vick
     KEVIN L. VICK

*Attorney for Defendants*
The Poynter Institute for Media Studies, Inc. and PolitiFact

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Opposition. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatures have concurred in this filing.

Dated: September 24, 2020       By:   */s/ Sonal N. Mehta*
                                      Sonal N. Mehta

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: September 24, 2020       By:   */s/ Sonal N. Mehta*
                                      Sonal N. Mehta

- 1 -

CASE NO.: 3:20-CV-05787-SI            DEFENDANTS' OPPOSITION TO PLAINTIFF'S
                                      REQUEST FOR CASE MANAGEMENT AND
                                      SUBSTITUTED SERVICE ORDERS