SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorney for Defendants*
FACEBOOK, INC. and
MARK ZUCKERBERG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC., ET AL.,<br><br>　　　　　　Defendants. | Case No. 3:20-cv-05787-SI<br><br>**DECLARATION OF SONAL N. MEHTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR CASE MANAGEMENT AND SUBSTITUTED SERVICE ORDERS** |

I, Sonal N. Mehta, declare as follows:

1. I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP. I represent Defendants Facebook, Inc. and Mark Zuckerberg in the above-captioned action.

2. On September 4, I called counsel for Plaintiff Roger Teich to seek an extension of time for Facebook's response to the Complaint in this matter, which based on the alleged service date, would be due on September 9. Mr. Teich asked me to join a call with counsel for Defendants Poynter Institute and PolitiFact that he had already scheduled, and I agreed to do so. I explained that my firm had just been retained for this matter the preceding evening and that I was coming up to speed, but wanted to seek an extension and get the requisite papers on file before September 9. Mr. Teich agreed that Plaintiff would consent to an extension, but conditioned Plaintiff's agreement to an extension on a reciprocal extension of time for Plaintiff to oppose any motion to dismiss that may be filed. I asked that counsel for Plaintiff stipulate to an extension of the September 9 deadline, with my agreement that I would work with counsel on a reasonable briefing schedule for any motion to dismiss that may be filed. Mr. Teich stated that Plaintiff would not stipulate to an extension of time for Facebook's response unless a briefing schedule on anticipated Rule 12 motions that provided Plaintiff with an extension of time for its response to such motions was filed at the same time.

3. During the call, Mr. Teich also requested that the Defendants agree to file a joint motion to dismiss, or at least, agree that Plaintiff could file a joint opposition to any motion to dismiss. I explained that, because I had just been retained the previous evening, I was not able to commit to filing a joint motion with anyone, but said that I would be happy to continue to discuss a briefing schedule in more detail once I had had a chance to come up to speed and consult with my client, as well as counsel for the other Defendants. Mr. Teich did not condition his agreement to stipulate to extend Facebook's deadline to respond to the Complaint to any agreement to file consolidated motions to dismiss.

4. During the call, Mr. Teich also asked me if I would agree to accept service for Defendant Science Feedback. I responded that I was new to the matter but did not understand Science Feedback to be a Facebook entity. I asked if Mr. Teich had some basis to believe that they were, so I could follow-up. He stated that the only facts he had were the allegations in the Complaint

- 1 -

relating to a contractual relationship between Facebook and Science Feedback. Mr. Teich did not condition his agreement to stipulate to extend Facebook's deadline to respond to the Complaint to any agreement to respond regarding substituted service on Science Feedback. Further, Mr. Teich did not even raise electronic service of the Court's assignment and case management orders on the call.

5. Following the call, counsel for Plaintiff sent an email that stated in relevant part: "This will memorialize our phone call just now in which we agreed to a schedule in which (1) your client defendants will file responses to the Complaint by Friday, October 23, 2020; and (2) plaintiff will file its opposition to any motion to dismiss by Monday, December 7, 2020, subject to plaintiff's good cause for any further extension." Mr. Teich also stated, "For our part, this agreement assumes that Sonal will also be representing Mark Zuckerberg individually, and that his response and plaintiff's responsive pleading (if any) will be governed by the stipulation. Please confirm at your early convenience." Ex. A. Mr. Teich did not impose any other conditions on the extension during the call or in his email following the call.

6. During the call and in his follow-up email, Mr. Teich did request that we "hold another conference call next week to discuss a few early case management issues which are likely to arise," and suggested that "[t]here is also a separate issue concerning Facebook only which we wish to take up with Sonal, perhaps at the end of the call." However, he did not explain what the other issues were that he wished to discuss, and he did not even mention ESI or Section 3.2 of Facebook's Terms of Service during the call or in his follow-up email.

7. On September 8, following the Labor Day holiday weekend, I sent Mr. Teich a draft stipulation memorializing the October 23 and December 7 dates to which he had agreed, and proposing that Defendants file their replies in support of any Rule 12 motions by January 7, 2021 due to the intervening winter holidays. Ex. B.

8. On September 9, my colleagues had a call with Mr. Teich to discuss these matters further.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of September 2020 in Redwood City, California.

By:  /s/ *Sonal N. Mehta*
        Sonal N. Mehta

- 3 -

CASE NO.: 3:20-CV-05787-SI      DECLARATION OF SONAL N. MEHTA IN SUPPORT OF DEFENDANTS' OPPOSITION