Exhibit G

| | |
|---|---|
| **From:** | rteich@juno.com |
| **To:** | Mehta, Sonal |
| **Cc:** | Holtzblatt, Ari; mary.holland@childrenshealthdefense.org; Jennings, Molly; Schultz, Allison |
| **Subject:** | RE: CHD v. Facebook, et al. |
| **Date:** | Wednesday, September 23, 2020 8:52:56 PM |
| **Attachments:** | FACEBOOK - LETTER TO S. MEHTA RE MEET AND CONFER REQUEST (FINAL) - 09-23-2020.pdf |

**EXTERNAL SENDER**

Sonal,

See attached meet and confer letter.

Sincerely,
Roger Teich


---------- Original Message ----------
From: "Holtzblatt, Ari" <Ari.Holtzblatt@wilmerhale.com>
To: "rteich@juno.com" <rteich@juno.com>
Cc: "Mehta, Sonal" <Sonal.Mehta@wilmerhale.com>, "clocicero@tlolawfirm.com"
<clocicero@tlolawfirm.com>, "kvick@jassyvick.com" <kvick@jassyvick.com>,
"mary.holland@childrenshealthdefense.org"
<mary.holland@childrenshealthdefense.org>, "Jennings, Molly"
<Molly.Jennings@wilmerhale.com>, "Schultz, Allison"
<Allison.Schultz@wilmerhale.com>
Subject: RE: CHD v. Facebook, et al.
Date: Mon, 14 Sep 2020 19:19:20 +0000


Roger,

Before we schedule a call to discuss the update to Section 3.2 of Facebook's Terms of Service,
it would help us if you could explain more specifically what about the update concerns you.
In particular, could you explain why you believe CHD could run afoul of the new policy or
why CHD otherwise fears that Facebook is likely to enforce this particular policy against
CHD?


Thank you,


**Ari Holtzblatt | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6964 (t)
+1 202 663 6363 (f)

ari.holtzblatt@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Holtzblatt, Ari
**Sent:** Thursday, September 10, 2020 7:09 PM
**To:** 'rteich@juno.com' <rteich@juno.com>
**Cc:** Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; 'clocicero@tlolawfirm.com' <clocicero@tlolawfirm.com>; 'kvick@jassyvick.com' <kvick@jassyvick.com>; 'mary.holland@childrenshealthdefense.org' <mary.holland@childrenshealthdefense.org>; Jennings, Molly <Molly.Jennings@wilmerhale.com>; Schultz, Allison <Allison.Schultz@wilmerhale.com>
**Subject:** RE: CHD v. Facebook, et al.

Roger,

As I promised I would do when we spoke and in my follow up email yesterday, I have spoken to my clients about electronic service.  WilmerHale agrees to accept service by email of the Complaint and Summons (and related documents) for Mark Zuckerberg.  WilmerHale also agrees to accept service by email of the Order reassigning the case to Judge Illston (Dkt #14), and the Order re Initial Case Management Conference (Dkt #15).

With respect to the two phone conversations that you have asked to schedule, I am still coordinating with my client but I will get back to you once I have finished talking to my client about them.

**Ari Holtzblatt | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6964 (t)
+1 202 663 6363 (f)
ari.holtzblatt@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Holtzblatt, Ari
**Sent:** Wednesday, September 9, 2020 5:07 PM
**To:** 'rteich@juno.com' <rteich@juno.com>
**Cc:** Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; clocicero@tlolawfirm.com; kvick@jassyvick.com; mary.holland@childrenshealthdefense.org; Jennings, Molly <Molly.Jennings@wilmerhale.com>; Schultz, Allison <Allison.Schultz@wilmerhale.com>
**Subject:** RE: CHD v. Facebook, et al.


Roger,

We will put the stipulations on file and I will get back to you on your requests that we accept service.  I will also get back to you about the two phone conversations that you have asked to schedule once I speak to my client about them.  However, I must correct one item in your email, which does not accurately summarize our call.  We did not agree to calendar a call regarding ESI-retention protocols at this time.  As I told you, before agreeing to schedule any such call, we will need to confer with our client.  As I also explained, my preliminary view is that such a call is premature so far in advance of the CMC conference.  And, of course, not every defendant has even been served at this point.  In my experience, any meet-and-confer regarding CMC topics is ordinarily held two weeks or so before the CMC statement is due to be filed (which, in this case, is November 13, for the November 20 conference).


Regards,


**Ari Holtzblatt | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6964 (t)
+1 202 663 6363 (f)
ari.holtzblatt@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to

postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** rteich@juno.com <rteich@juno.com>
**Sent:** Wednesday, September 9, 2020 4:14 PM
**To:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>
**Cc:** Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; clocicero@tlolawfirm.com; kvick@jassyvick.com; mary.holland@childrenshealthdefense.org; Jennings, Molly <Molly.Jennings@wilmerhale.com>; Schultz, Allison <Allison.Schultz@wilmerhale.com>
**Subject:** RE: CHD v. Facebook, et al.

**EXTERNAL SENDER**

Ari,

You have my consent to file these two Stipulations and [Proposed] Order.

Separately, I ask you to confirm whether Wilmer Hale will or will not accept service of the Complaint and Summons (and related documents) on behalf of your client Mark Zuckerberg.

Also, I ask all counsel to confirm whether your will or will not accept electronic service of the attached Order reassigning the case to Judge Illston (Dkt #14), and Order re Initial Case Management Conference (Dkt #15), thus obviating the need and expense of separate service.

Earlier I suggested a follow-up phone conference for next Wednesday, September 16, at 11:30am PT to discuss amended Section 3.2, and we agreed to calendar a separate call with Poynter/Politifact counsel to discuss (at least initially) the appropriate ESI-retention protocols for this case.

Please confirm the September 16 phone call or suggest another day/time you would prefer for the Section 3.2 discussion, and another day/time for the initial ESI-related discussion.

I have outlined why I believe both these discussions should be held before October 1, and I would appreciate hearing your views on scheduling these initial discussions.

Sincerely,

Roger Teich

---------- Original Message ----------
From: "Holtzblatt, Ari" <Ari.Holtzblatt@wilmerhale.com>
To: "rteich@juno.com" <rteich@juno.com>, "Mehta, Sonal"
<Sonal.Mehta@wilmerhale.com>
Cc: "clocicero@tlolawfirm.com" <clocicero@tlolawfirm.com>, "kvick@jassyvick.com"
<kvick@jassyvick.com>, "mary.holland@childrenshealthdefense.org"
<mary.holland@childrenshealthdefense.org>, "Jennings, Molly"
<Molly.Jennings@wilmerhale.com>, "Schultz, Allison" <Allison.Schultz@wilmerhale.com>
Subject: RE: CHD v. Facebook, et al.
Date: Wed, 9 Sep 2020 19:27:34 +0000

Roger,

Attached are revised versions of the two stipulations and the proposed order, along with redlines against the versions that you sent us. Please confirm that we can attest to your signature on the two stipulations.

Regards,

Ari

---

**From:** rteich@juno.com <rteich@juno.com>
**Sent:** Wednesday, September 9, 2020 12:23 PM
**To:** Mehta, Sonal <Sonal.Mehta@wilmerhale.com>
**Cc:** clocicero@tlolawfirm.com; kvick@jassyvick.com;
mary.holland@childrenshealthdefense.org; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>;
Jennings, Molly <Molly.Jennings@wilmerhale.com>; Schultz, Allison
<Allison.Schultz@wilmerhale.com>
**Subject:** RE: CHD v. Facebook, et al.

> **EXTERNAL SENDER**

Sonal,

Attached, our revisions in Track Changes to the two Stipulations,
[Proposed] Order, and your declaration. You have our consent to file these
pleadings only as revised.

I look forward to working with you, too. In normal times, it would still be
difficult to file jointly the same day if we receive the drafts at or after the
close of business eastern time where Children's Health Defense and its
general counsel are located. And, these are not normal times. I'm in
Mendocino County right now.

We will not agree to continue the November 20, 2020 case management
conference at this time. In particular, we have concerns about ESI retention
and protocols in this case for which the Local Rules contemplate a specific
meet and confer, and stipulation.

We also believe that such stipulation should commit your clients not to apply amended Section 3.2 of Facebook's Terms of Service (effective October 1, 2020) to Children's Health Defense during the pendency of this litigation, for reasons we can discuss at the ESI-meet and confer.

I look forward to discussing this matter with you at 11:30am today.

best,

Roger Teich

---------- Original Message ----------
From: "Mehta, Sonal" <Sonal.Mehta@wilmerhale.com>
To: "rteich@juno.com" <rteich@juno.com>, "clocicero@tlolawfirm.com" <clocicero@tlolawfirm.com>
Cc: "kvick@jassyvick.com" <kvick@jassyvick.com>, "mary.holland@childrenshealthdefense.org" <mary.holland@childrenshealthdefense.org>, "Holtzblatt, Ari" <Ari.Holtzblatt@wilmerhale.com>, "Jennings, Molly" <Molly.Jennings@wilmerhale.com>, "Schultz, Allison" <Allison.Schultz@wilmerhale.com>
Subject: RE: CHD v. Facebook, et al.
Date: Tue, 8 Sep 2020 22:23:12 +0000

Roger,

Attached, please find the stipulations we discussed last Friday, extending the deadline responses to the complaint to October 23, and setting a further briefing schedule including a deadline of January 7, 2021, for defendants' replies. (The local rules treat motions for extensions of time to respond to a complaint differently from other extensions, so we have to file two separate stipulations). We would like to get these on file today and appreciate your confirmation that we have permission to sign for you.

Also, given that the motion(s) to dismiss won't be fully briefed until January 2021, we have proposed including a stipulation continuing the November 20 case management conference for the time being.

We can join a call for 30 minutes at 11:30 am PT tomorrow. Speak with you then.

Best,


**Sonal N. Mehta | WilmerHale**
950 Page Mill Road
Palo Alto, CA 94304 USA
+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

---

**From:** rteich@juno.com <rteich@juno.com>
**Sent:** Friday, September 4, 2020 2:01 PM
**To:** clocicero@tlolawfirm.com
**Cc:** kvick@jassyvick.com; mary.holland@childrenshealthdefense.org; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>
**Subject:** RE: CHD v. Facebook, et al.


EXTERNAL SENDER


Hi All,


This will memorialize our phone call just now in which we agreed to a schedule in which (1) your client defendants will file responses to the Complaint by Friday, October 23, 2020; and (2) plaintiff will file its opposition to any motion to dismiss by Monday, December 7, 2020, subject to plaintiff's good cause for any further extension.


For our part, this agreement assumes that Sonal will also be representing Mark Zuckerberg individually, and that his response and plaintiff's responsive pleading (if any) will be governed by the stipulation. Please confirm at your early convenience.

We think it would be useful to hold another conference call next week to discuss a few early case management issues which are likely to arise. There is also a separate issue concerning Facebook only which we wish to take up with Sonal , perhaps at the end of the call.

How is Wednesday, September 9, at 11:30am PT/ 2:30 pm ET for a (no more than) 30-minute discussion?

Here is dial-in we can use --

Dial-In Number: 515-603-3171
Access Code: 1045032#

Sincerely,
Roger Teich

# Roger I. Teich

**Attorney at Law**
290 Nevada Street
San Francisco, California 94110

Telephone: (415) 948-0045
Email: rteich@juno.com

September 23, 2020

**BY EMAIL ONLY**

Ms. Sonal N. Mehta
WilmerHale, LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

> Re:   CHD v. Facebook, et al., 3:20-cv-05787-SI
>        Request for Meet and Confer

Dear Sonal,

I write to request a meet and confer within the next seven days to discuss two urgent matters in the above-entitled action.

1. Updated § 3.2

On August 17, 2020, Children's Health Defense ("CHD") filed this action against the Facebook, et al., in the district court. On or about August 31, 2020, CHD received notice that Facebook intends to modify the parties' contractual terms of service §3.2, "effective October 1, 2020," to read: "We also can remove or restrict access to your content, services, or information if we determine that doing so is reasonably necessary to avoid or mitigate adverse legal or regulatory impacts to Facebook."

On September 9, 2020, I asked you to stipulate that Facebook will not seek to apply its purported amendment of §3.2 to CHD during the pendency of this litigation. I also expressed that CHD has concerns about Facebook's ESI retention protocols in this case for which the Local Rules contemplate a specific meet and confer. On September 14, 2020, your colleague Ari Holtzblatt responded that "[b]efore we schedule a call to discuss the update to Section 3.2 of Facebook's Terms of Service, it would help us if you could explain more specifically what about the update concerns you. In particular, could you explain why you believe CHD could run afoul of the new policy or why CHD otherwise fears that Facebook is likely to enforce this particular policy against CHD? "

Ms. Sonal N. Mehta
WilmerHale, LLP
September 23, 2020
Page 2 of 4

In its First Cause of Action, CHD alleges that Facebook, acting with significant encouragement from and in close consultation with governmental agencies and actors, denied CHD's First Amendment speech rights and Fifth Amendment property rights inter alia, by censoring, labeling, or blocking CHD content from users,. (Dkt. #1 at 67-73.) The Court is thus asked to adjudicate whether Facebook should be considered a "state actor" for purposes of the claim in light of its alleged joint action with the federal government. Within just two weeks of service of the lawsuit alleging this claim, Facebook recast §3.2 so that, as of October 1, 2020, it can remove or restrict access to content, services, or information "to avoid or mitigate adverse legal or regulatory impacts to Facebook." (Updated §3.2.)

We believe that any application of §3.2 to CHD during the pendency of this lawsuit will constitute unlawful retaliation for CHD's protected conduct in filing the action. Close proximity in time between a protected activity and an adverse action alone will establish a prima face case of retaliatory causation. Facebook's amendment of §3.2 so close on the heels of CHD's lawsuit will be viewed with great suspicion by the Court as evidence that Facebook is retaliating for filing the action.  Since Facebook has not removed CHD content under its current §3.2, we doubt that Facebook could rebut the inference that it would have done so on October 1 or thereafter in the absence of CHD's protected activity in filing the lawsuit. Absent a stipulation which removes this issue from doubt, CHD can show a sufficient chilling effect from the bare terms of amended §3.2 to warrant emergency relief.  Hopefully, resort to court will not be necessary.

　　2.  ESI-Retention Protocols

As you know, the Court expects cooperation on issues relating to the preservation, collection, search, review, and production of ESI. The Court emphasizes the particular importance of cooperative exchanges of information at the earliest possible stage of discovery, including (but not exclusively) during the parties' Fed. R. Civ. P. 26(f) conference. Moreover, parties are not required to use preservation letters to notify an opposing party of their preservation obligation. See Northern District ESI Guideline 1.02, 2.01(c); Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (litigants are under a duty to preserve "what [they know], or should know, is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.").

Ms. Sonal N. Mehta
WilmerHale, LLP
September 23, 2020
Page 2 of 4

We maintain that Facebook's preservation obligation requires that it interdict and suspend any document destruction programs, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material, and specifically preserve:

(1)     All design documents for all systems related to "misinformation," censorship, and boosting/reduction of traffic, including boosting sources deemed "authoritative";

(2)     All related internal employee communications;

(3)     All related internal tracking systems;

(4)     All records for deployment of those designs;

(5)     All web traffic measurements for CHD, CDC, and WHO;

(6)     All internal employee communications regarding "misinformation" strategies, including communications with third-parties, external providers, and/or government/public health officials;

(7)     All Chan-Zuckerberg Initiative and/or CZ-Biohub internal documents concerning vaccine strategy and revenue projections, and partnerships;

(8)     All internal documents regarding 5G development and revenue projections;

(9)     All internal weblog dialogue discussion groups concerning "misinformation," "vaccines," and "5G";

(10)    All internal documents concerning GlaxoSmithKline ("GSK"), Sanofi S.A. ("Sanofi"), Pfizer, and Merck & Co. ("Merck"), pharmaceutical company partnerships, strategic initiatives, and revenue projections; and

(11)    All source code for the relevant systems described above.

While not exhaustive, this list is intended to inform you of the types of documents that are potentially relevant to the litigation, and should be preserved.

Ms. Sonal N. Mehta
WilmerHale, LLP
September 23, 2020
Page 4 of 4

However, given the opaqueness of Facebook's policy statements, we cannot tell whether any of this or other material evidence in Facebook's possession will automatically be destroyed or become inaccessible if Facebook implements its amended §3.2 to CHD on or after October 1, 2020, or otherwise.  This situation urgently needs to be addressed.

Assuming we can reach an agreement that obviates the potential for emergency relief referenced above, and concomitant expedited discovery and trial dates, we are willing to continue the case management conference and discovery until your motion to dismiss is resolved, provided also that we reach an agreement on ESI-retention protocols for the information referenced above which clearly bears on CHD's claims for relief.

Please let me know your availability to meet and confer by telephone by close of business next Wednesday, September 30, 2020. I look forward to speaking with you then.

Sincerely,

Roger Teich