UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK INC., *et al*.,<br><br>Defendants. | Case No. 20-cv-05787-SI<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RULE 4(F) AND 16(C) ORDERS**<br><br>Re: Dkt. No. 28 |

Plaintiff's "request for Rule 4(f) and 16(c) orders" is scheduled for a hearing on October 9, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's request.

**DISCUSSION**

Plaintiff Children's Health Defense ("CHD") filed this case on August 17, 2020 against Facebook, Inc., Mark Zuckerberg, Science Feedback, Poynter Institute, and Politifact.[1] On August 27, 2020, the case was reassigned to the undersigned judge. An initial case management conference is scheduled for November 20, 2020.

On September 10, 2020, plaintiff filed a "request for Rule 4(f) and 16(c) orders." Dkt. No. 28. Plaintiff's request stated that CHD "withdraws its consent" to earlier-filed stipulations regarding briefing schedules due to alleged inaccuracies in a declaration filed by Facebook's counsel in support of the stipulations, and asks this Court to enter orders (1) setting forth the same briefing

---

[1] According to the "Certificate of Interested Entities" filed by Poynter Institute, "PolitiFact is a branded news fact-checking service operated by the Poynter Institute for Media Studies, Inc." and "[d]espite the allegations made in Plaintiff's Verified Complaint (D.E. 1), it does not exist as a separate legal entity." Dkt. No. 47.

1 schedule on defendants' upcoming motions to dismiss as provided for in the stipulations and entered
2 by this Court, (2) requiring counsel for CHD and Facebook to meet and confer regarding ESI-
3 retention protocols and an upcoming amendment to Facebook's Terms of Service in advance of the
4 time required under Federal Rule of Civil Procedure 26(f) and this Court's rules, (3) requiring that
5 counsel for Facebook accept substitute electronic service on behalf of Mark Zuckerberg, and (4)
6 requiring that counsel for Facebook also accept service on behalf of Science Feedback, a French
7 non-profit defendant.

8         Defendants oppose plaintiff's request on the grounds that plaintiff's requests are "moot,
9 meritless, or made-up" because (1) the Court already entered the briefing schedule plaintiff requests,
10 (2) the parties will meet-and-confer as required under the local rules before the November 20, 2020
11 case management conference, (3) counsel for Facebook agreed to accept electronic service for Mr.
12 Zuckerberg upon conferring with their client, and (4) there is no basis in law to force Facebook to
13 accept service on behalf of an unrelated foreign entity. Although plaintiff's reply disputes
14 defendants' descriptions of the communications between counsel, plaintiff agrees that the only
15 "live" issue remaining is plaintiff's request that the Court "issue an order for immediate substitute
16 electronic service of Science Feedback through Facebook's attorney-agent WilmerHale." Reply at
17 12 (Dkt. No. 45).

18         Before turning to this remaining issue, the Court is compelled to make some observations.
19 As evidenced by the fact that three of the four "disputes" were resolved or otherwise evaporated by
20 the reply brief, this motion was largely unnecessary. In addition, an inordinate amount of the
21 briefing was devoted to counsel "correcting" alleged inaccuracies made by the other side regarding
22 the parties' communications. Such briefing does not aid the Court. The Court strongly encourages
23 counsel to cooperate with each other and to follow the Federal Rules, the Civil Local Rules of the
24 Northern District of California, and this Court's Standing Orders.

25         With regard to CHD's request that the Court order Facebook's attorneys to accept service
26 on behalf of Science Feedback, CHD details its efforts and expenses incurred thus far in attempting
27 to serve Science Feedback in France, and argues that substituted service is necessary at this time "in
28 order to align its response date with the four U.S. defendants, and move the case on an expedited

schedule commensurate with its stakes." Reply at 11. Plaintiff's reply brief suggests that it does not want to pursue service through the Hague Convention because that process can take two to three months. *Id*. at 4.

The Court finds that CHD has not demonstrated that substituted service through Facebook's attorneys is appropriate at this time. CHD cites cases for the proposition that courts can order substituted service on a foreign defendant, such as service upon a foreign defendant's counsel based in the United States. *See, e.g.*, *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd*., No. 16-CV-00669-YGR, 2017 WL 1378532, at *4 (N.D. Cal. Apr. 11, 2017). Here, however, CHD is requesting that the Court order substituted service through Facebook's attorneys. CHD does not contend that WilmerHale also represents Science Feedback. Instead, CHD asserts that Facebook and Science Feedback have some type of contractual relationship,[2] and thus that it is reasonable to order substituted service through Facebook's lawyers. Based upon the limited record before the Court, the Court cannot conclude that it would comport with due process to order substituted service on Science Feedback through Facebook's attorneys. At this early stage of the litigation, the Court finds it appropriate that plaintiff continue to attempt service on Science Feedback, including through the Hague Convention. CHD may renew its request for alternative service on Science Feedback if its continued efforts prove fruitless.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's request for Rule 4(f) and 16(c) orders.

**IT IS SO ORDERED**.

Dated: October 5, 2020

SUSAN ILLSTON
United States District Judge

---

[2] Facebook states that Science Feedback is an independent contractor. CHD asserts that "Science Feedback is wholly dependent upon Facebook, both financially and editorially," and that characterizing Science Feedback as an independent contractor "does not square with Science Feedback's description of their relationship" on Science Feedback's website. Reply at 8.