SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
  Allison.Schultz@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendants*
FACEBOOK, INC. and
MARK ZUCKERBERG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>        Plaintiff,<br><br>   v.<br><br>FACEBOOK, INC., ET AL.,<br><br>        Defendants. | Case No. 3:20-cv-05787-SI<br><br>**[PROPOSED] ORDER ON FACEBOOK, INC.'S AND MARK ZUCKERBERG'S MOTION TO DISMISS** |

## [PROPOSED] ORDER ON FACEBOOK, INC.'S AND MARK ZUCKERBERG'S MOTION TO DISMISS

Plaintiff Children's Health Defense ("CHD") brings four claims against Facebook, Inc. and Mark Zuckerberg. Count I seeks damages under the implied cause of action recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Count II claims that Defendants violated the Lanham Act's false-advertising provision, 15 U.S.C. § 1125(a)(1)(B). Count III asserts that Defendants committed multiple acts of wire fraud in a manner that gives CHD a civil claim under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962(c). And Count IV seeks declaratory relief associated with Counts I-III.

Count I is dismissed because CHD has not plausibly alleged federal action. Facebook and Mr. Zuckerberg are private actors, and CHD has not sufficiently alleged that the "joint action" doctrine applies. *See Mathis v. Pacific Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir. 1995). Count I additionally fails because neither Facebook nor Mr. Zuckerberg is a proper *Bivens* defendant here. *Bivens* does not apply to corporations, like Facebook. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). And CHD has not alleged that Mr. Zuckerberg had any personal involvement in any decision specific to CHD. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Finally, and in any event, the Court declines to expand *Bivens* liability to the novel facts presented here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017).

Moreover, because Counts II and III arise out of activity by Facebook and Mr. Zuckerberg that is fully protected by the First Amendment, CHD cannot hold Facebook or Mr. Zuckerberg liable for those actions. Counts II and III accordingly must be dismissed.

Counts II and III are additionally barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), because they would treat Facebook and Mr. Zuckerberg "as the publisher or speaker of … information provided by another information content provider." *Id.* § 230(c)(1). Counts II and III are therefore dismissed on this ground as well.

Count II is also dismissed because CHD has not stated a false-advertising claim under the Lanham Act, for two reasons. First, CHD does not allege the kind of commercial injury cognizable under the Act. It alleges only injuries (1) arising out of its relationship to Facebook as a customer,

not competitor, and (2) to its position in the "marketplace of ideas." These alleged injuries are insufficient to confer statutory standing under the Lanham Act. *See Animal Legal Defense Fund v. HVFG LLC*, 939 F. Supp. 2d 992, 1000 (N.D. Cal. 2013). Second, the complaint nowhere alleges a promotional statement by Facebook or Mr. Zuckerberg that contained false representations about CHD. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

Count III is additionally dismissed because CHD has not stated a civil RICO claim. CHD lacks statutory standing to bring a civil RICO claim, *see* 18 U.S.C. § 1964(c), because its injuries were not the direct result of the alleged fraudulent scheme, *see Anza v. Ideal Steel Supply Corp.*, 547 U.S. at 451, 459 (2006). CHD also has not pleaded any predicate acts of wire fraud, both because it has not pleaded that Facebook or Mr. Zuckerberg took money or property from CHD through their purported fraud, *see Monterey Plaza Hotel L.P. v. Local 483*, 215 F.3d 923, 926-927 (9th Cir. 2000), and because it has not adequately pleaded false statements under Rule 9(b), *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-1066 (9th Cir. 2004).

Count IV is dismissed because, while "the Declaratory Judgment Act creates a remedy for litigants," it "is not an independent cause of action." *County of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1215-1216 (N.D. Cal. 2017).

In addition to the above failings, CHD has not stated any claim against Mr. Zuckerberg because it has not adequately alleged his personal involvement in any of the conduct at issue.

These "deficiencies cannot be cured by amendment." *Cheung v. Wells Fargo Bank, N.A.*, 987 F. Supp. 2d 972, 976 (N.D. Cal. 2013). Leave to amend the complaint would therefore be futile.

Defendants Facebook, Inc.'s and Mark Zuckerberg's Motion to Dismiss the Complaint is GRANTED. CHD's Complaint is DISMISSED WITH PREJUDICE in its entirety.

Dated: _____

                    By:  Hon. Susan Illston
                           United States District Judge