SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
  Allison.Schultz@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendants*
FACEBOOK, INC. and
MARK ZUCKERBERG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>            Plaintiff,<br><br>   v.<br><br>FACEBOOK, INC., ET AL.,<br><br>            Defendants. | Case No. 3:20-cv-05787-SI<br><br>**[PROPOSED] ORDER ON FACEBOOK, INC.'S AND MARK ZUCKERBERG'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

**[PROPOSED] ORDER ON FACEBOOK, INC.'S AND MARK ZUCKERBERG'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

In its Second Amended Complaint, plaintiff Children's Health Defense ("CHD") brings four claims against Facebook, Inc. and Mark Zuckerberg. Count I seeks damages under the implied cause of action recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Count II claims that Defendants violated the Lanham Act's false-advertising provision, 15 U.S.C. § 1125(a)(1)(B). Count III asserts that Defendants committed multiple acts of wire fraud in a manner that gives CHD a civil claim under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962(c). And Count IV seeks declaratory relief associated with Counts I-III.

Count I is dismissed because CHD has not plausibly alleged federal action. Facebook and Mr. Zuckerberg are private actors, and CHD has not sufficiently alleged that any of the challenged conduct is "fairly attributable" to the federal government. *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020). Many of the entities CHD identifies—the World Health Organization, the CDC Foundation, Infragard, and the British Government—are not part of the federal government, and do not otherwise qualify as state actors. And CHD's allegations concerning Facebook's and Mr. Zuckerberg's interactions with the federal government satisfy neither the "joint action" doctrine, *See Mathis v. Pacific Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir. 1995), nor the "governmental nexus" test, *see Kirtley v. Rainey*, 326 F.3d 1088, 1094-1095 (9th Cir. 2003). Count I additionally fails because neither Facebook nor Mr. Zuckerberg is a proper *Bivens* defendant here. *Bivens* does not apply to corporations, like Facebook. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). And CHD has not alleged that Mr. Zuckerberg had any personal involvement in any decision specific to CHD. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Finally, and in any event, the Court declines to expand *Bivens* liability to the novel facts presented here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017).

Moreover, because Counts II and III arise out of activity by Facebook and Mr. Zuckerberg that is fully protected by the First Amendment (i.e., their statements and content-moderation

1  decisions), CHD cannot hold Facebook or Mr. Zuckerberg liable for those actions. Counts II and
2  III accordingly must be dismissed.
3        Counts II and III are additionally barred by the Communications Decency Act ("CDA"),
4  47 U.S.C. § 230(c)(1), because they would treat Facebook and Mr. Zuckerberg "as the publisher
5  or speaker of … information provided by another information content provider." *Id.* § 230(c)(1).
6  The content at issue was created by either CHD itself (CHD's posts) or by third-party fact-
7  checkers (the fact-checks). "[R]esponsibility for what makes the displayed content illegal or
8  actionable," *Kimzey v. Yelp!*, 836 F.3d 1263, 1269 n.4 (9th Cir. 2016), rests with those third
9  parties—not Facebook. Counts II and III are therefore dismissed on this ground as well.
10       Count II is also dismissed because CHD has not stated a false-advertising claim under the
11 Lanham Act, for two reasons. First, CHD does not allege the kind of commercial injury
12 cognizable under the Act. It alleges only injuries (1) arising out of its relationship to Facebook as a
13 customer, not competitor, and (2) to its position in the "marketplace of ideas." These alleged
14 injuries are insufficient to confer statutory standing under the Lanham Act. *See Animal Legal*
15 *Defense Fund v. HVFG LLC*, 939 F. Supp. 2d 992, 1000 (N.D. Cal. 2013). Second, the complaint
16 nowhere alleges a promotional statement by Facebook or Mr. Zuckerberg that contained false
17 representations about CHD. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139
18 (9th Cir. 1997).
19       Count III is additionally dismissed because CHD has not stated a civil RICO claim. CHD
20 has not pleaded any predicate act of wire fraud because it has not identified any statements by
21 Facebook or Mr. Zuckerberg that were both fraudulent (i.e., designed to deprive a victim of
22 money or property, *see United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989)) and had a
23 tendency to mislead the intended audience, *see Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 941 (9th
24 Cir. 2006). Moreover, CHD lacks statutory standing to bring a civil RICO claim, *see* 18 U.S.C.
25 § 1964(c), because its injuries were not the direct result of the alleged fraudulent scheme, *see Anza*
26 *v. Ideal Steel Supply Corp.*, 547 U.S. at 451, 459 (2006). CHD's civil RICO claim additionally
27 fails because it has not pleaded a "pattern" as is required for civil RICO liability. *See Sever v.*
28 *Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992).

1  Count IV is dismissed because, while "the Declaratory Judgment Act creates a remedy for litigants," it "is not an independent cause of action." *County of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1215-1216 (N.D. Cal. 2017).

In addition to the above failings, CHD has not stated any claim against Mr. Zuckerberg because it has not adequately alleged his personal involvement in any of the conduct at issue and has not established the prerequisites for any of the third-party liability doctrines it seeks to invoke.

At this point, it is clear that these "deficiencies cannot be cured by amendment," *Cheung v. Wells Fargo Bank, N.A.*, 987 F. Supp. 2d 972, 976 (N.D. Cal. 2013). CHD has filed three complaints—two of which were filed with full knowledge of defendants' motion-to-dismiss arguments—and has not corrected the failings of its pleading. Further leave to amend the complaint would therefore be futile.

Defendants Facebook, Inc.'s and Mark Zuckerberg's Motion to Dismiss the Complaint is GRANTED. CHD's Complaint is DISMISSED WITH PREJUDICE in its entirety.

Dated: _____

By:  Hon. Susan Illston
United States District Judge