SONAL N. MEHTA (SBN: 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone:   (650) 858-6000
Facsimile:   (650) 858-6100

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
allison.schultz@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Telephone:   (202) 663-6000
Facsimile:   (202) 663-6363

*Attorneys for Defendants*
FACEBOOK, INC. AND MARK ZUCKERBERG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>          Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC., ET AL.,<br>          Defendants. | Case No. 3:20-cv-05787-SI<br><br>**FACEBOOK'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR ITS MOTION FOR LEAVE TO SUPPLEMENT THE SECOND AMENDED COMPLAINT**<br><br>Hon. Susan Illston |

1
2
3

The Court should deny the motion by Plaintiff Children's Health Defense ("CHD") to shorten the notice requirements and briefing schedule for its motion to amend its complaint for the third time.

4
5
6
7
8

CHD's eleventh-hour request to "supplement" the Second Amended Complaint ("SAC") three days after the completion of briefing on Defendants' motion to dismiss is the latest in a series of tactical moves by CHD to try to shift the goalposts on Defendants—and, importantly, the Court—on the threshold question of whether CHD's claims can pass muster under Federal Rule of Civil Procedure Rule 12.

9
10
11
12
13

- CHD filed its initial Complaint in this case over six months ago (ECF No. 1).  After a lengthy negotiation in which CHD insisted on an extended period to oppose the contemplated motions to dismiss and even motion practice, ECF Nos. 28, 43, a schedule was set for briefing and hearing on the Defendants' motions to dismiss, which were filed on October 23, 2020.  ECF No. 56.

14
15
16
17
18
19
20
21
22
23
24
25

- Rather than oppose the motion on the negotiated schedule, CHD sought to file a First Amended Complaint ("FAC").  After yet more negotiation, the parties reached a stipulation to set a briefing schedule on the amended pleading.  ECF No. 62.  The new Complaint referenced a significant amount of purportedly "new" information that was actually equally available to CHD at the time that CHD filed its original Complaint, but that CHD had opted not to include in its original Complaint.  *See, e.g.*, ECF No. 64 at ¶¶ 87-108 (allegations concerning an alleged "agency" relationship between Facebook and its third-party fact checkers); *id.* at ¶ 34 (allegations concerning the reliability of articles on CHD's Facebook page); *id.* at ¶¶ 40-46 (allegations concerning the relationship between the CDC and the CDC Foundation).  Defendants began work on their motions to dismiss, which were due on December 21, 2020.

26
27
28

- Then, on December 4, 2020, CHD filed a motion for leave to file a Second Amended Complaint.  ECF No. 65.  Yet again, though CHD claimed to be amending its earlier pleading in order to include "new" information, many of the allegations that CHD

FACEBOOK'S OPPOSITION TO PL. MOTION TO SHORTEN TIME

sought to include concerned information that should have been known by CHD when it filed its initial Complaint four months earlier. *See, e.g.*, ECF No. 65 at 2 and ECF No. 65-1 at ¶¶ 98-100 (describing allegations concerning alleged U.S. government funding for the Poynter Institute for Media Studies under a *2016* executive order); ECF No. 65 at 3 and ECF No. 65-1 at ¶ 103 (describing the *1996* "InfraGard" partnership between the FBI and the private sector and a *2019* article concerning the anti-vaccine movement). Although there was no justification for CHD's failure to raise these allegations in either of its earlier pleadings, Defendants agreed not to oppose CHD's motion for leave to avoid burdening the Court with simultaneous briefing on CHD's motion for leave to file the SAC and Defendants' motions to dismiss the FAC. ECF No. 66.

At long last, briefing on the motion to dismiss the SAC concluded: Defendants filed their motions to dismiss on December 21, 2020, ECF No. 69; CHD filed its oppositions on February 5, 2021, ECF No. 71; and Defendants filed their reply briefs on March 5, 2021, ECF No. 74. But the very next business day after Defendants filed their reply, CHD advised Defendants for the first time that it would seek to "supplement" its pleading with new allegations. This proposed "supplement" seeks to add allegations to the pleadings that CHD knew or should have known earlier. All but one of the new allegations concern events that occurred in February 2021,[1] yet CHD waited until March 8, 2021 to raise the proposed "supplement." *See* ECF No. 75 at 3. And now, just two weeks before the hearing, CHD asks the Defendants and the Court to consider these new allegations—and to do so on an expedited schedule, no less.

---

[1] The sole allegation concerning an event that occurred in March relates to a third-party informing CHD of a Facebook "warning label" that referred to CHD's promulgation of false information. ECF No. 75 at 3; *see also* Ex. 6 to ECF No. 67-1. That allegation relates entirely to content on another individual's Facebook page, not CHD's Facebook page. And to the extent that it has any relevance to CHD's claims, it does not amount to "new" information, as the crux of CHD's complaint concerns "warning" labels that were adhered to the content it posted on Facebook. *See, e.g.*, SAC at ¶ 1.

Given this history, it is perhaps little surprise that CHD has fallen short of the showing necessary to shorten time under any of the three elements required by Local Rule 6-3.[2] The sole reason CHD provides for shortening the briefing and hearing schedule on its motion to supplement its SAC is that doing so would allow the Court to hear CHD's new motion on March 23, 2021, during the hearing currently scheduled for the Defendants' motion to dismiss the SAC. ECF No. 75 at 2. There is no need to do so. The motion to dismiss the SAC is fully briefed and ripe for a hearing. CHD has informed the Court that it believes the "supplement," even if it were to be permitted, would not moot the pending motion. Mehta Decl. ¶ 3. And as Facebook will demonstrate in its opposition to CHD's motion for leave, the "supplement" should be rejected on multiple grounds, including that it would be futile because CHD's latest round of proposed amendments still cannot cure the fundamental defects in CHD's theories and because counsel for CHD has conceded that at least one of the proposed new allegations is expected to be the basis of a separate lawsuit brought by CHD's Chairman. Mehta Decl. ¶ 2. Of course, to the extent that the Court desires to hear CHD's motion and Defendants' motions to dismiss at the same time, it can postpone the hearing on the motions to dismiss until CHD's motion is fully briefed under a normal briefing schedule—without any shortening of time.

Either way, CHD has not—and cannot—identify "the substantial harm or prejudice that would occur if the Court did not change the time," as Local Rule 6-3 requires. To the extent the Court wishes to delay the hearing on Defendants' motions to dismiss until it can consider whether to permit CHD's proposed supplement, that modest delay stems from CHD's own delay in proposing the supplement. CHD made the tactical decision to hold the proposed supplement until after Defendants filed their reply briefs, and it cannot claim to be

---

[2] CHD made little effort to obtain a stipulation shortening the briefing schedule as required under Local Rule 6-3. It emailed counsel for Facebook at 11:40 am on March 8, 2021 to ask for consent to shortening time on an undefined "supplement" to its pleading (without any notice as to what the supplement would include), and gave Facebook less than four hours to respond on whether it would stipulate to the schedule proposed. ECF No. 75-1 at 2.

1    prejudiced from the consequences of that decision.  That alone is sufficient grounds for

2    denying CHD's motion.

3

4

5    March 11, 2021                              Respectfully Submitted,

6                                                /s/_____Sonal N. Mehta_____
                                                 SONAL N. MEHTA (SBN: 222086)
7                                                sonal.mehta@wilmerhale.com
                                                 WILMER CUTLER PICKERING
8                                                    HALE AND DORR LLP
                                                 2600 El Camino Real, Suite 400
9                                                Palo Alto, CA 94306
                                                 Telephone:     (650) 858-6000
10                                               Facsimile:     (650) 858-6100

11

12                                               ARI HOLTZBLATT (*pro hac vice*)
                                                 ari.holtzblatt@wilmerhale.com
13                                               MOLLY M. JENNINGS (*pro hac vice*)
                                                 molly.jennings@wilmerhale.com
14                                               ALLISON SCHULTZ (*pro hac vice*)
                                                 allison.schultz@wilmerhale.com
15                                               WILMER CUTLER PICKERING
                                                     HALE AND DORR LLP
16                                               1875 Pennsylvania Avenue
                                                 Washington, D.C. 20006
17                                               Telephone:     (202) 663-6000
                                                 Facsimile:     (202) 663-6363
18

19                                               *Attorneys for Defendants Facebook, Inc. and
                                                 Mark Zuckerberg*
20

21

22

23              .

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 11, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/    *Sonal N. Mehta*
Sonal N. Mehta