1  SONAL N. MEHTA (SBN 222086)
   Sonal.Mehta@wilmerhale.com
2  WILMER CUTLER PICKERING
    HALE AND DORR LLP
3  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
4  Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
5
   ARI HOLTZBLATT (*pro hac vice*)
6   Ari.Holtzblatt@wilmerhale.com
   MOLLY M. JENNINGS (*pro hac vice*)
7   Molly.Jennings@wilmerhale.com
   ALLISON SCHULTZ (*pro hac vice*)
8   Allison.Schultz@wilmerhale.com
   WILMER CUTLER PICKERING
9    HALE AND DORR LLP
   1875 Pennsylvania Ave, NW
10 Washington, DC 20006
   Telephone: (202) 663-6000
11 Facsimile: (202) 663-6363

12 *Attorneys for Defendants*
   FACEBOOK, INC. and
13 MARK ZUCKERBERG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>               Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC., ET AL.,<br><br>               Defendants. | Case No. 3:20-cv-05787-SI<br><br>**DEFENDANTS FACEBOOK INC.'S AND MARK ZUCKERBERG'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT ITS SECOND AMENDED COMPLAINT**<br><br>Hon. Susan Illston<br>Courtroom 1 – 17th Floor<br>Date: May 5, 2021<br>Time: 10:30 a.m. |

# TABLE OF CONTENTS

FACTUAL STATEMENT ..................................................................................................................1

ARGUMENT ..................................................................................................................................3

I.    CHD Has Acted With Undue Delay And Bad Faith And Supplementation Would Unduly Prejudice Defendants ........................................................................................3

II.   Supplementation Would Be Futile Because CHD's Fourth Bite At The Apple Still Fails To State Any Claim................................................................................................5

    A.    The Supplemental Allegations Do Not Save CHD's Bivens Claim Because They Fail To Give Rise To A Plausible Inference Of State Action.........................6

    B.    The First Amendment And The CDA Bar Liability Under The Lanham Act And RICO With Respect To CHD's Remaining Supplemental Allegations...........8

    C.    The Supplemental Allegations Do Not Support Liability Under Either The Lanham Act Or RICO ........................................................................................9

    D.    Supplementation To Add Allegations With Respect to Robert Kennedy, Jr. Would Be Futile Because He Is Not A Party To This Litigation And The Allegations Are Not Relevant To CHD's Claims................................................10

III.  If the Court Grants The Motion To Supplement, It Should Dismiss The SAC As Supplemented For The Reasons Stated In Defendants' Motion To Dismiss ................11

CONCLUSION ...............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1101 (9th Cir. 2009) ................................................................................................9

*Belgau v. Inslee*,
   975 F.3d 940 (9th Cir. 2020), *petition for cert. filed* (U.S. Feb. 16, 2021)
   (No. 20-1120) ..........................................................................................................................7

*Bolger v. Youngs Drug Products Corp.*,
   463 U.S. 60 (1983) ..................................................................................................................9

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) ....................................................................................................6

*Circle Click Media LLC v. Regus Management Group LLC*,
   2016 WL 5869758 (N.D. Cal. Oct. 7, 2016) ...........................................................................3

*Coalition of Clergy, Lawyers and Professors v. Bush*,
   310 F.3d 1153 (9th Cir. 2002) ..............................................................................................10

*Creighton v. City of Livingston*,
   628 F. Supp. 2d 1199 (E.D. Ca. 2009) ....................................................................................8

*Ecological Rights Foundation v. Pacific Gas and Electric Co.*,
   713 F.3d 502 (9th Cir. 2013) ..................................................................................................6

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................................................3

*Federal Agency of News LLC v. Facebook, Inc.*,
   432 F. Supp. 3d 1107 (N.D. Cal. 2020) ..................................................................................6

*Fisk v. Letterman*,
   401 F. Supp. 2d 362 (S.D.N.Y. 2005) .....................................................................................7

*Franklin v. Fox*,
   312 F.3d 423 (9th Cir. 2002) ..................................................................................................7

*Genus Lifesciences Inc. v. Lannett Co.*,
   378 F. Supp. 3d 823 (N.D. Cal. 2019) ..................................................................................10

*Gorenc v. Salt River Project Agricultural Improvement and Power District*,
   869 F.2d 503 (9th Cir. 1989) ..................................................................................................7

*Jian Zhang v. Baidu.com Inc.*,
 10 F. Supp. 3d 433 (S.D.N.Y. 2014) ............................................................................. 8

*Langdon v. Google, Inc.*,
 474 F. Supp. 2d 622 (D. Del. 2007) .............................................................................. 8

*Lyon v. U.S. Immigration & Customs Enforcement*,
 308 F.R.D. 203 (N.D. Cal. 2015) .................................................................................. 3

*Mathis v. Pacific Gas and Electric Co.*,
 75 F.3d 498 (9th Cir. 1996) .......................................................................................... 6

*Mou v. SSC San Jose Operating Co.*,
 415 F. Supp. 3d 918 (N.D. Cal. 2019) ........................................................................ 10

*Planned Parenthood of Southern Arizona v. Neely*,
 130 F.3d 400 (9th Cir. 1997) .................................................................................. 3, 11

*Search King Inc. v. Google Technology, Inc.*,
 2003 WL 21464568 (W.D. Okla. May 27, 2003) ........................................................ 8

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
 144 F. Supp. 3d 1088 (N.D. Cal. 2015) .................................................................... 8, 9

*Sorosky v. Burroughs Corp.*,
 826 F.2d 794 (9th Cir. 1987) ........................................................................................ 3

*Sutton v. Providence St. Joseph Medical Center*,
 192 F.3d 826 (9th Cir. 1999) .................................................................................... 7, 8

*Taylor v. Higgins*, 2009 WL 224953
 (N.D. Cal. Jan. 29, 2009) ........................................................................................... 11

*Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*,
 425 U.S. 748 (1976) ..................................................................................................... 9

*Wave Loch, Inc. v. American Wave Machines, Inc.*,
 2014 WL 7261552 (S.D. Cal. Oct. 1 2014) .................................................................. 3

*Yates v. Auto City 76*,
 299 F.R.D. 611 (N.D. Cal. 2013) .................................................................................. 3

**Rules, Regulations, Statutes**

Fed. R. Civ. P. 9(b) ................................................................................................................ 10

Fed. R. Civ. P. 15 .................................................................................................................... 3

Fed. R. Civ. P. 15(a) ............................................................................................................... 3

Fed. R. Civ. P. 15(d) ................................................................................................................3, 11

Fed. R. Civ. P. 12 ........................................................................................................................4, 5

47 U.S.C. § 230 (CDA) (Communications Decency Act) ..................................................... *passim*

18 U.S.C. § 1961 (RICO) ........................................................................................................ *passim*

15 U.S.C. § 1127 (Lanham Act) ............................................................................................. *passim*

**Constitution**

U.S. Const. amend. I ....................................................................................................................5, 8

**Other Authorities**

6 Charles A. Wright, et al., *Federal Practice and Procedure* (3d ed. 2020) ...............................11

Nandita Bose, *Exclusive: White House Working With Facebook and Twitter To Tackle Anti-Vaxxers*, REUTERS (Feb. 20, 2021), https://tinyurl.com/rn3wt79p .........................7

Children's Health Defense ("CHD") filed this lawsuit seven months ago, but has continually delayed any resolution of the threshold defects with its theories by repeatedly seeking to add new but ultimately immaterial allegations after briefing on Defendants' motions to dismiss. Now, just one business day after Defendants filed replies in support of their most recent motion to dismiss, CHD once again seeks to inject yet another set of new allegations into the case, the vast majority of which could have been raised weeks earlier. The Court should reject CHD's motion to "supplement" the pleading—its *fourth* attempt to state a viable claim—as too little, too late. Given the history here, it is difficult to see the latest supplement as anything other than, at best, the result of undue delay, and at worst, a bad faith effort to "lie in wait" until Defendants' latest motion to dismiss was fully briefed before raising these supposedly new allegations. CHD's dilatory supplementation should be rejected on that basis alone. And the substance of the proposed "supplement" itself confirms that the motion must be denied. Allowing the "new" allegations would be futile because they do not help CHD state a viable claim. Alternatively, even if the Court grants the Motion to Supplement and deems the new allegations added to the Second Amended Complaint ("SAC"), it should dismiss the SAC with prejudice as the new allegations—like those before it—fail to cure the Complaint's many fatal defects.

**FACTUAL STATEMENT**

CHD filed the original Complaint in this action on August 17, 2020. ECF No. 1. After protracted negotiations and even motion practice, a schedule was set for briefing and a hearing on Defendants' motions to dismiss. *See* ECF Nos. 23, 28, 29, 43. Pursuant to that agreed-upon schedule, Defendants first filed a motion to dismiss on October 23, 2020. ECF No. 56. Rather than oppose that motion, CHD filed an Amended Complaint three weeks later, adding allegations based on facts available to it at the time of its original Complaint, *see, e.g.*, ECF No. 64 at ¶¶ 87-108 (allegations concerning an alleged "agency" relationship between Facebook and its third-party fact checkers), ¶ 34 (allegations concerning the reliability of articles on CHD's Facebook page), ¶¶ 40-46 (allegations concerning the relationship between the CDC and the CDC Foundation). The parties agreed to a new briefing schedule with Defendants' motion to dismiss due December 21. ECF No. 62.

About two weeks before Defendants' renewed motion to dismiss was due, CHD again sought to forestall resolution by seeking leave to file a SAC. ECF No. 65. With its SAC, CHD sought to add "new" allegations describing events dating back as far as *1996*. *See* ECF No. 65-1 at ¶¶ 98-100 (describing allegations concerning alleged U.S. government funding of the Poynter Institute for Media Studies under a 2016 executive order), 103 (describing 1996 "InfraGard" partnership between the FBI and private sector and a 2019 article concerning the anti-vaccine movement). Although there was no justification for CHD's dilatory amendment, Defendants agreed, in the interest of moving the case forward, to not oppose CHD's motion to amend and to address CHD's "new" allegations within the already agreed-upon briefing schedule. ECF No. 66.

Now, CHD again seeks to raise "new" allegations, this time just one business day after the completion of briefing on motions to dismiss its SAC. *See* ECF No. 76; *see also* ECF Nos. 73, 74. But CHD's "new" allegations are far from new. *See* ECF No. 76 at 2-4. CHD's March 8 motion seeks to add supplemental allegations regarding: (1) a *January 21*, 2021 executive order making no mention of Facebook, *see* ECF No. 76-1, Ex. 1 ¶ 1 and Ex. 2; (2) the *February 10*, 2021 removal of Robert F. Kennedy, Jr.'s Instagram account, *id.* Ex. 1 ¶¶ 2-5;[1] (3) a *February 19,* 2021 White House press briefing stating that the Biden Administration was "committed to working with state and local public health partners, as well as partners in the private sector, to support getting people vaccinated," *id.* Ex. 1 ¶ 11 (emphasis omitted) and Ex. 4; (4) *February 19*, 2021 reports that the Biden Administration was "talking to" social media companies about ways to prevent COVID-19 related misinformation from trending and social media platforms, *id.* Ex. 1 ¶¶ 6-10, 12 and Ex. 5; and (5) a screenshot from March 5, 2021, of a notice to an unidentified and undated post on an individual's Facebook account noting that the user can "Unfollow Children's Health Defense," *id.* Ex. 1 ¶¶ 13-14 and Ex. 6.

---

[1] During a meet and confer between the parties on March 10, 2021, counsel for CHD explained that Mr. Kennedy anticipates filing a separate action based on the removal of his Instagram account. ECF No. 77-1 ¶ 2; Decl. of Sonal Mehta ISO Opp. To Mot. To Supplement Ex. A at 18:14-15.

# ARGUMENT

There is no basis for CHD's eleventh-hour motion to supplement. As with a motion to amend, there are five factors relevant to a motion to supplement pleadings: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015); *see also Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (the same standard applies to motions to supplement under Rule 15(d) as to motions to amend under Rule 15(a)). While there is a general presumption in favor of granting leave to amend, "prejudice or a 'strong showing'" on the other factors outweighs that presumption. *Lyon*, 308 F.R.D. at 214. (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). And unlike amendment, supplementation "'cannot be used to introduce a separate, distinct and new cause of action.'" *Yates*, 299 F.R.D. at 614 (quoting *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). Because each factor weighs against supplementation, and because CHD seeks to add, in part, allegations that are irrelevant to this case and that could be—indeed, *will be*—introduced as a separate cause of action, its motion should be denied.

## I. CHD HAS ACTED WITH UNDUE DELAY AND BAD FAITH AND SUPPLEMENTATION WOULD UNDULY PREJUDICE DEFENDANTS

CHD's motion should be denied because it was filed, at best, following undue delay and, at worst, in bad faith. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Courts in this district have recognized that a Plaintiff's "constant recasting of its claims … recharacterizing [them] when faced with resistance" is indicative of bad faith under Rule 15. *Circle Click Media LLC v. Regus Management Group LLC*, 2016 WL 5869758 at *5 (N.D. Cal. Oct. 7, 2016). "Leave to amend may be denied where the movant appears to be raising a new claim in anticipation of an adverse ruling." *Wave Loch, Inc. v. American Wave Machines, Inc.*, 2014 WL 7261552 at *2 (S.D. Cal. Oct. 1 2014). As CHD's motion to "supplement" its SAC here is a transparent attempt to avoid a ruling for Defendants on their recently filed motion to dismiss, CHD's motion should be denied.

CHD's filing of new "supplemental" allegations suggests a last-ditch effort to avoid

dismissal of its Complaint, which it has already amended twice. CHD filed its motion to "supplement" three days after the completion of briefing on Defendant's motion to dismiss—even though CHD knew of almost all of its proposed "supplemental" allegations well before briefing on that motion was complete. *See* Mot. at 2-3 (detailing proposed allegations concerning events that occurred in February 2021).[2] *All but one* of CHD's proposed supplemental allegations concern events that occurred in January and February, *weeks* before defendants' reply and CHD's motion to supplement. *See* ECF No. 76-1 Ex. 1 ¶¶ 1-12.[3] Yet at no point during the briefing process did CHD ever suggest that it was planning to amend its Complaint yet again, waiting instead until after Defendants filed their reply brief to once again add new allegations to its pleadings.

This is not the first time that CHD has sought to tweak its pleadings before the Court can answer the question whether its claims can pass muster under Federal Rule 12. Rather than respond to Defendants' original motion to dismiss, filed on October 23, 2020, ECF No. 56, CHD sought to file a First Amended Complaint. The new Complaint referenced a significant amount of purportedly "new" information that was in fact equally available to CHD at the time that CHD filed its original Complaint in August of 2020. *See, e.g.*, ECF No. 64 at ¶¶ 87-108 (allegations concerning an alleged

---

[2] The sole allegation concerning an event that occurred on or after Defendants filed their reply brief relates to a third-party informing CHD of a Facebook "warning label" that referred to CHD's promulgation of false information. *See* ECF No. 76-1 Ex 1. ¶¶ 13-14 & Ex. 6. That allegation relates entirely to content on another individual's Facebook page, not CHD's Facebook page. And to the extent that it has any relevance to CHD's claims, it does not amount to "new" information, as the crux of CHD's Complaint concerns "warning" labels that were adhered to the content it posted on Facebook. *See, e.g.*, SAC at ¶ 1.

[3] The one proposed new allegation that coincides with its March 8 "supplement" appears to have been included not because it is relevant to CHD's claims but to try to justify the late filing of the supplement. CHD's proposed pleading includes a single allegation regarding a March 5 screenshot alleged to have been taken from the phone of Facebook user and sent to Robert F. Kennedy Jr. Although CHD does not provide any information about the post that is supposedly depicted in the screenshot, CHD alleges that Facebook displayed a notice to this unidentified third-party stating that Facebook does not "allow false information," including information that "could discourage people from seeking medical treatment," and providing that third-party with the option to "Unfollow Children's Health Defense." ECF No. 76-1 Ex. 1 ¶ 12-14 and Ex. 6. CHD provides no context—for example, what CHD post that this notice was displayed in connection with or when—to enable the Court to evaluate the notice in connection with any of CHD's claims. Nor does it explain how this sort of notice support its claims.

"agency" relationship between Facebook and its third-party fact checkers); *id.* at ¶ 34 (allegations concerning the reliability of articles on CHD's Facebook page); *id.* at ¶¶ 40-46 (allegations concerning the relationship between the CDC and the CDC Foundation). Then, on December 4, 2020, two weeks before Defendants' motions to dismiss the First Amended Complaint were due, CHD filed a motion for leave to file a SAC. ECF No. 65. Yet again, though CHD claimed to be amending its earlier pleading in order to include "new" information, many of the allegations that CHD sought to include concerned information that should have been known by CHD when it filed its initial Complaint four months earlier. *See, e.g.*, ECF No. 65 at 2 and ECF No. 65-1 at ¶¶ 98-100 (describing allegations concerning alleged U.S. government funding for the Poynter Institute for Media Studies under a **2016** executive order); ECF No. 65 at 3 and ECF No. 65-1 at ¶ 103 (describing the **1996** "InfraGard" partnership between the FBI and the private sector and a **2019** article concerning the anti-vaccine movement).

CHD's latest amendment continues the same strategy: let Defendants expend time and money addressing the insufficiency of CHD's pleading, and then, at the eleventh hour, change the pleading to avoid or delay adjudication of that question. It is time for the Court to put this maneuvering to a stop. Rule 12 motions are not a game of whack-a-mole. At some point, the plaintiff must state claims that are stable enough for the Court to evaluate them. Here, after multiple amendments and over 150 pages, CHD has surely pled its best case. The Court must now rule on whether that pleading states a viable claim.

## II.  SUPPLEMENTATION WOULD BE FUTILE BECAUSE CHD'S FOURTH BITE AT THE APPLE STILL FAILS TO STATE ANY CLAIM

CHD has already twice amended its Complaint without stating any claim for relief, *see generally* ECF No. 69, and its proposed supplemental allegations similarly fail for at least four reasons: (1) they do not support CHD's *Bivens* claim because they do not plausibly allege joint federal action in any of the conduct at issue; (2) they do not support CHD's Lanham Act or RICO claims because they concern conduct protected under both the First Amendment and Section 230 of the Communications Decency Act ("CDA"); (3) they separately fail to support CHD's Lanham Act and RICO claims because they do not allege either (a) commercial speech cognizable under the

Lanham Act or (b) either any false statement or that Defendants obtained money or property from the victims of any deception, as is required to state a RICO claim based on wire fraud; and (4) the allegation regarding Robert F. Kennedy, Jr.'s Instagram account concerns only a non-party to this litigation and pertains to none of CHD's claims. The futility of CHD's allegations alone is reason to deny leave to supplement. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Ecological Rights Found. v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (court's discretion to deny leave to amend "particularly broad" where plaintiff has already amended complaint).

      **A.**      **The Supplemental Allegations Do Not Save CHD's *Bivens* Claim Because They Fail To Give Rise To A Plausible Inference Of State Action**

The majority of CHD's proposed supplemental allegations try to bolster CHD's joint activity theory of state action, *see* ECF No. 76-1 Ex. 1 ¶¶ 1, 5-12, but fall short for primarily two reasons.

*First*, the new allegations of purported collaboration between Facebook and the federal government all post-date the allegedly unconstitutional conduct set forth in CHD's SAC; the new allegations concern statements made on or after January 21, 2021, while the most recent conduct alleged in the SAC dates to September 2020. Because allegations of federal-private interactions that "post-date the relevant conduct that allegedly injured Plaintiff[]" "do not establish joint action," *Federal Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1125-1126 (N.D. Cal. 2020), CHD's new allegations are wholly irrelevant to any claimed constitutional injuries pleaded in its SAC.

*Second*, like all of CHD's prior allegations, these new allegations fail to set forth facts sufficient to raise a plausible inference of joint federal action with respect to any actions taken against CHD. As Defendants explained in their motion to dismiss, *see* ECF No. 69 at 6, courts "treat acts of private parties as public," only "sparingly," so as to "preserve[] an area of individual freedom by limiting the reach of federal law and federal judicial power." *Mathis v. Pacific Gas & Elec. Co.*, 75 F.3d 498, 501 (9th Cir. 1996) (quotation marks and citation omitted). The bar to establish state action with respect to otherwise private conduct is, therefore, intentionally high, and CHD's fourth attempt to allege state action, like its previously three, fails to meet it.

Several of CHD's allegations do not even mention Facebook, let alone plausibly suggest any connection whatsoever between Facebook and any federal action. *See* ECF No. 76-1, Ex. 1 ¶¶ 1, 11. That leaves only reports in mid-February of outreach and engagement between the Biden administration and social media companies, including Facebook, regarding efforts to stop the spread of COVID-19 related misinformation. But general outreach or even a "shared goal" is insufficient to allege state action. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002); *see also Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) (allegations of "dialogues," "communications," or "interactions" between private and state actors insufficient to allege joint action "without facts supporting a concerted effort or plan"). Not one of CHD's proposed supplemental allegations comes even close to demonstrating what is required for state action: that Facebook acted "in concert" with any federal actor "in effecting a particular [alleged] deprivation of constitutional right." *Belgau v. Inslee*, 975 F.3d 940, 947 (9th Cir. 2020), *petition for cert. filed* (U.S. Feb. 16, 2021) (No. 20-1120). CHD still has not alleged that the federal government was a "joint participant in the *challenged activity*." *See Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989) (emphasis added); *see also* ECF No. 69 at 8-10 (identifying this defect in the SAC); ECF No. 74 at 4 (same). Nowhere in CHD's supplement (or in the SAC itself) is any allegation that any federal actor specifically instructed or participated in the fact-checking, demotion, or removal of *any* vaccine-related content, let alone any of CHD's content.[4]

Accordingly, because even on its fourth attempt, CHD cannot allege facts sufficient to give rise to a plausible inference of joint federal action with respect to any of the challenged conduct, CHD's supplemental allegations do not support its *Bivens* claim.[5]

---

[4] Indeed, the article on which CHD's supplemental allegations primary relies explains that, according to a White House source, "it is too soon to say whether or not [the administration's outreach] translates into lessening the spread of misinformation." Nandita Bose, *Exclusive: White House Working With Facebook and Twitter To Tackle Anti-Vaxxers*, Reuters (Feb. 20, 2021), https://tinyurl.com/rn3wt79p. That undermines any possible inference that any federal actor was involved in any action to limit the spread of CHD's content.

[5] CHD does not argue that its proposed supplemental allegations support a finding of federal action under any theory other than joint action. *See* ECF No. 76 at 5. Any such argument would be futile, given the fatal defects in CHD's coercion and encouragement theories of federal action. *See* ECF No. 61 at 7 n.6; ECF No. 74 at 2-4. Under Ninth Circuit law, "a truly private entity" cannot be held

**B.      The First Amendment And The CDA Bar Liability Under The Lanham Act And RICO With Respect To CHD's Remaining Supplemental Allegations**

Any liability based on CHD's remaining proposed allegations—the third-party notice and suspension of Mr. Kennedy's Instagram account—is barred by the First Amendment and Section 230. As argued in Defendants' motion to dismiss the SAC (at 13-14), the First Amendment fully protects both Facebook's statements regarding the veracity of public-health information and its content-moderation decisions. Because speech "expressing public health and safety concerns" is fully protected speech on a matter of public concern, *see Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1210-1211 (E.D. Ca. 2009), Facebook cannot be held liable on account of its statement explaining that it does not allow "information that recognized health organizations say could mislead people about how to cure or prevent a disease," ECF No. 76-1 Ex. 6. *See* ECF No. 69 at 13. And because decisions to remove or reduce the distribution of content are similarly protected, *see id.* at 14, Facebook cannot be held liable for the decision to suspend Mr. Kennedy's Instagram account or for enabling third parties to "unfollow" CHD. *See Jian Zhang v. Baidu.com Inc.*, 10 F. Supp. 3d 433, 443 (S.D.N.Y. 2014) (First Amendment protects decision to block content from search results); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629-630 (D. Del. 2007) (similar); *Search King Inc. v. Google Tech., Inc.*, 2003 WL 21464568, at *4 (W.D. Okla. May 27, 2003) (similar).

Likewise, as explained in Defendants' motion to dismiss (at 16-20), Section 230 of the CDA bars any claim attempting to hold Facebook liable as a publisher of another's content. This precludes liability with respect to the decision to suspend Mr. Kennedy's Instagram account. As Facebook has explained, Section 230(c)(1) bars a claim where a plaintiff seeks to hold an interactive computer service liable for content provided by another information content provider, and the plaintiff's claim

---

liable for alleged constitutional violations solely because it was compelled to act by the government. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 843 (9th Cir. 1999). And CHD has cited no case holding a private actor liable under an "encouragement" theory. *See* ECF No. 74 at 3-4. In any event, CHD's *Bivens* claim fails for the independent reasons that it would require a disfavored expansion in *Bivens* liability and neither Facebook nor Mr. Zuckerberg are proper *Bivens* defendants. *See* ECF No. 69 at 11-12.

seeks to hold the defendant "liable as the 'publisher or speaker' of that information." *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017). Facebook and Mr. Zuckerberg plainly qualify as interactive computer services. And there is little question that CHD's proposed supplemental allegation concerns content created by another information content provider—Mr. Kennedy—not Defendants. Finally, CHD's new proposed allegation treats Defendants as publishers. CHD alleges that Facebook terminated Mr. Kennedy's Instagram account. But "removing content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1101, 1103 (9th Cir. 2009). Accordingly, to the extent CHD's new allegation concerning Mr. Kennedy is germane to this action, *but see infra* pp. 10-11, any claim based on the termination of Mr. Kennedy's Instagram account is immune from suit under Section 230.

## C. The Supplemental Allegations Do Not Support Liability Under Either The Lanham Act Or RICO

CHD's proposed supplemental allegation regarding the third-party notice and button allowing Facebook users to "Unfollow Children's Health Defense" separately cannot support liability under either the Lanham Act or RICO because the speech at issue is neither commercial nor fraudulent. As explained in Defendants' motion to dismiss, the Lanham Act reaches only commercial speech—that is, speech that either "does no more than propose a commercial transaction," *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 762 (1976) (quotation marks and citation omitted), or, in close cases, speech that is made in the context of an advertisement, refers to a specific product, and was made with an economic motivation, *see Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983). CHD alleges that Facebook displayed a notice stating that Facebook does not allow false health-related information and giving third parties the option to "Unfollow Children's Health Defense." ECF No. 76-1 Ex. 6. Nothing in that notice proposes a commercial transaction or even references any product. Accordingly, the statement is not cognizable under the Lanham Act.

Nor does that proposed supplemental allegation support CHD's RICO claim. CHD fails to allege—at all, let alone with the specificity required under Rule 9(b)—how any statement in the third-party screenshot is false,[6] or that Defendants obtained any money or property from anyone allegedly deceived, as is required to plead a RICO claim based on wire fraud. *See* ECF No. 69 at 23-24. There is no basis to conclude that providing a link for users to visit a separate webpage or allowing users to choose to stop seeing content from CHD in their News Feed deprives anyone of any cognizable property interest. CHD's handful of new allegations likewise do nothing to alter the fact that the SAC's multi-step theory of causation is too attenuated to support a RICO claim or that the SAC continues to focus entirely on CHD's relationship with Facebook—the type of business dispute that cannot establish the required RICO "pattern." *See* ECF No. 69 at 25-26; ECF No. 74 at 14-15.

**D.     Supplementation To Add Allegations With Respect to Robert Kennedy, Jr. Would Be Futile Because He Is Not A Party To This Litigation And The Allegations Are Not Relevant To CHD's Claims**

Finally, the supplemental allegation regarding Mr. Kennedy's personal Instagram account would independently be futile because Mr. Kennedy is not a party to this litigation, although he is counsel of record for CHD. CHD is an independent "legal entity, separate and distinct from its … officers and directors." *Mou v. SSC San Jose Operating Co.*, 415 F. Supp. 3d 918, 929 (N.D. Cal. 2019). CHD's mere argument, without any supporting factual allegations, that disabling Mr. Kennedy's account constitutes an "attack on CHD's credibility and reliability" is insufficient to allege any injury to CHD sufficient to confer third-party standing. *See Coalition of Clergy, Lawyers & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) (third-party standing requires that litigant have suffered an injury in fact). Moreover, there is neither allegation nor argument that Mr. Kennedy lacks the "'ability to protect his … own interests.'" *Id.* (quoting *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991)). Indeed, after filing the motion to supplement, counsel for CHD informed Defendants

---

[6] Because a Lanham Act false-advertising claim, too, requires a "false statement of fact," *Genus Lifesciences Inc. v. Lannett Co.*, 378 F. Supp. 3d 823, 833 (N.D. Cal. 2019), CHD's failure to allege the falsity of any statement in the screenshot also independently shows the futility of supplementation with respect to its Lanham Act claim.

that Mr. Kennedy anticipates filing a separate action based on the removal of his Instagram account; CHD's counsel emphatically stated that the claim (which CHD's counsel have never articulated) would not be by CHD but by Mr. Kennedy as an individual. ECF No. 77-1 ¶ 2; Decl. of Sonal Mehta ISO Opp. To Mot. To Supplement Ex. A at 18:14-15. If and when Mr. Kennedy makes such a claim, Facebook and the relevant adjudicator will address it. Until then, CHD's eleventh-hour attempt to supplement its Complaint to raise allegations that pertain to Mr. Kennedy must fail. *See Planned Parenthood*, 130 F.3d at 402 (Rule 15(d) "cannot be used to introduce a separate, distinct and new cause of action" that could be "the subject of a separate action" (quotation marks and citations omitted)).

## III. IF THE COURT GRANTS THE MOTION TO SUPPLEMENT, IT SHOULD DISMISS THE SAC AS SUPPLEMENTED FOR THE REASONS STATED IN DEFENDANTS' MOTION TO DISMISS

This Court has the discretion to treat Defendants' previously-filed motion to dismiss as directed to CHD's new allegations. *See Taylor v. Higgins*, 2009 WL 224953, at *2 (N.D. Cal. Jan. 29, 2009) (treating motion to dismiss as directed at subsequently filed amended complaint); 6 Charles A. Wright, et al., *Fed. Prac. & Proc.* § 1476 (3d ed. 2020). At a minimum, the Court should exercise that discretion here. As CHD has acknowledged, its supplemental allegations do not moot the pending motions to dismiss. *See* ECF No. 77-2. And as explained above, the new allegations fail to entitle CHD to relief for all of the same reasons as stated in Defendants' motion to dismiss. There is, therefore, no reason to further delay adjudication of CHD's claims with yet another round of briefing. If the Court grants CHD's motion to supplement and deems the new allegations added to the SAC, it should dismiss the supplemented SAC with prejudice.

## CONCLUSION

CHD's Motion to Supplement should be denied, or, if granted, its Second Amended Complaint should be dismissed with prejudice because the supplemental allegations fail to cure its fatal defects.

| | |
|---|---|
| Dated: March 22, 2021 | WILMER CUTLER PICKERING, HALE AND DORR LLP |
| | By: */s/ Sonal N. Mehta* <br> SONAL N. MEHTA |
| | *Attorney for Defendants* <br> Facebook, Inc. and Mark Zuckerberg |

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: March 22, 2021                    By:   */s/ Sonal N. Mehta*
                                                Sonal N. Mehta

- 1 -