SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
 Molly.Jennings@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
 Allison.Schultz@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendants*
FACEBOOK, INC. and
MARK ZUCKERBERG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC., ET AL.,<br><br>　　　　　　　Defendants. | Case No. 3:20-cv-05787-SI<br><br>**DEFENDANTS FACEBOOK INC.'S AND MARK ZUCKERBERG'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (DKT. NO. 97) AND REQUEST FOR LEAVE TO FILE STATEMENT OF RECENT DECISION (DKT. NO. 98)**<br><br>Hon. Susan Illston |

Almost one week after the Court took the pending motions to dismiss under submission, Children's Health Defense ("CHD") makes two unauthorized submissions to the Court: a request for judicial notice (Dkt. No. 97) and a motion for leave to file a statement of recent decision (Dkt. No. 98). CHD's submissions are but the latest in a string of shifting allegations and dilatory tactics intended to avoid or delay adjudication of the fatal defects in CHD's case. Both submissions should be rejected for what they are: thinly disguised efforts to improperly supplement CHD's argument after briefing is closed and the Court has already heard extended argument on the pending motions.

**I.    CHD's Request for Judicial Notice Should Be Denied**

*First*, although CHD's submission is styled as a request for judicial notice, in substance it represents CHD's *fifth* attempt to supplement or modify its allegations; this latest effort is especially brazen given that a too-late motion to supplement is already pending.[1] In all events, the submission does not seek judicial notice of any material that would properly be noticeable by the Court at this stage. Instead, it represents an obvious effort to offer unauthorized supplemental argument in support of CHD's theory of government coercion—a theory that was fully ventilated at the May 5, 2021 hearing. This "ill-disguised attempt to recast" CHD's claims and make additional unauthorized legal argument is not "a proper subject for judicial notice," *Von Staich v. Valenzuela*, 2017 WL 10636887, at *20 (C.D. Cal. Aug. 30, 2017), and must be denied.

*Second*, virtually all the purported facts to be noticed were available to CHD well in advance of the May 5, 2021 hearing. Most of the events or statements CHD identifies occurred before CHD's latest attempt to supplement its allegations in March of 2021; indeed, many of the "new" purported facts occurred before the original complaint in this case was even filed in August of 2020. Now, nearly a week after a hearing on Defendants' motion to dismiss, and after no fewer than four rounds of pleading, CHD once again attempts to inject yet more allegations into this case. This is, at best, confirmation of undue delay on the part of CHD. But given CHD's strategy of belatedly amending

---

[1] As Defendants explained in the context of that motion, *see* Dkt. No. 82, the pattern and timing of CHD's serial supplements and motions is troubling to say the least. CHD's latest submissions only exacerbate the concern that CHD is unjustifiably prolonging and multiplying these proceedings, thereby imposing unreasonable burden and expense not only on Defendants but also on the Court.

or "supplementing" its pleadings throughout this action, CHD's latest submission is better understood as further evidence of CHD's bad faith efforts to continually move the target on its pleadings to avoid resolution of Defendants' motion to dismiss.

***Third***, the statements and events CHD identifies are not material in any case. CHD's new-found reliance on *Hammerhead Enterprises, Inc. v. Brezenoff*, 707 F.2d 33 (2d Cir. 1983),[2] is misplaced because, as Defendants have argued (Mot. 8-10), CHD's joint-action allegations fail to establish any federal involvement in the *specific conduct* alleged to have violated CHD's rights. None of the newly identified statements—or anything in CHD's pleadings or proposed supplement—affect that conclusion. If anything, CHD's belated filing confirms why dismissal with prejudice is warranted here. In *Hammerhead*, the Second Circuit explained that a First Amendment claim could not be stated because the government actor in question did not "have the power to impose sanctions" on private actors. *Hammerhead*, 707 F.2d at 39. The same is true here, as a few individual lawmakers do not have the power to change the law. And, notably, although it found it need not address them because it found no First Amendment violation, the Second Circuit recognized precisely "the competing First Amendment considerations of [the defendant's] own right to speak" that Defendants have raised here and that independently foreclose CHD's claims. *See id.* n.6.

## II. CHD's Request For Leave To File A Statement of Recent Decision Should Be Denied

CHD's request for leave to file a statement of recent decision should be denied because it is procedurally improper and substantively irrelevant. Civil Local Rule 7-3(d)(2) states that counsel may bring supplemental authority to the Court's attention "[b]efore the noticed hearing date" and only if it does so "without argument." CHD's submission fails on both counts. In any event, as the Court knows well, the cited authority involves compassionate release, and is irrelevant to any of the legal issues or factual allegations before the Court.

---

[2] CHD raised *Hammerhead* for the first time at argument but it was not briefed by the parties.

Dated: May 12, 2021

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:   */s/ Sonal N. Mehta*
      SONAL N. MEHTA

*Attorney for Defendants*
Facebook, Inc. and Mark Zuckerberg

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: May 12, 2021          By:   */s/ Sonal N. Mehta*
                                          Sonal N. Mehta

- 1 -

Case no.: 3:20-cv-05787-SI                    Facebook's Opp. To Request For Judicial Notice