**JASSY VICK CAROLAN LLP**
KEVIN L. VICK (SBN 220738)
 kvick@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

*Attorneys for Defendant The Poynter Institute for Media Studies, Inc.*

**THOMAS & LOCICERO PL**
CAROL JEAN LOCICERO (*pro hac vice*)
 clocicero@tlolawfirm.com
MARK R. CARAMANICA (*pro hac vice*)
 mcaramanica@tlolawfirm.com
 601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070

 -and-

DANIELA B. ABRATT (*pro hac vice*)
 dabratt@tlolawfirm.com
 915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Telephone: (954) 703-3416
Facsimile: (954) 400-5415

*Attorneys for Defendant The Poynter Institute for Media Studies, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, a Georgia non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation; MARK ZUCKERBERG, a California resident; SCIENCE FEEDBACK, a French corporation; THE POYNTER INSTITUTE FOR MEDIA STUDIES, INC., a Florida corporation; and DOES 1-20.<br><br>Defendants. | Case No.: 3:20-cv-05787-SI<br><br>**DEFENDANT THE POYNTER INSTITUTE FOR MEDIA STUDIES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FURTHER SUPPLEMENT ITS SECOND AMENDED COMPLAINT AND FOR *IN CAMERA* INSPECTION** |

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) ................................................................ 1

*Armstrong v. Scribner*, No. 06cv852 L(RBB), 2008 WL 268974 (S.D. Cal. Jan. 30, 2008) ............... 1

*Beezley v. Fremont Indem. Co.*, 804 F.2d 530 (9th Cir. 1986) ............................................................. 1

*Gardner v. Martino*, 563 F.3d 981 (9th Cir. 2009) .............................................................................. 1

- i -

CASE NO.: 3:20-CV-05787-SI

THE POYNTER INSTITUTE FOR MEDIA STUDIES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FURTHER SUPPLEMENT ITS SECOND AMENDED COMPLAINT AND FOR *IN CAMERA* INSPECTION

Defendant The Poynter Institute for Media Studies, Inc. ("Poynter") hereby files this Response in Opposition to Plaintiff's Motion to Further Supplement its Second Amended Complaint and for *In Camera* Inspection (Dkt. No. 103, the "Motion"), filed on June 7, 2021.

This is Plaintiff's second attempt to supplement its Second Amended Complaint since the parties filed their motions to dismiss the SAC (*see* Dkt. 76), and the fifth overall time it has sought to modify its complaint since its original filing in August of 2020. Plaintiff's latest attempt to move the goalposts, this time after the parties' motions to dismiss have been fully submitted and oral argument was had, should not be permitted.

As to this latest filing, the proposed additional allegations and request to review unredacted copies of emails between Dr. Anthony Fauci and Mr. Zuckerberg change nothing with respect to the claims made against Poynter. They simply are not directed toward any alleged Poynter activity, nor do they in any way implicate Poynter or the third-party fact checking process that Plaintiff complains of in this case. Therefore, once again, permitting the supplement as to Poynter would be futile. *See Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 530-31 (9th Cir. 1986) (affirming denial of motion to supplement complaint where plaintiff failed to allege any new facts that would entitle him to relief); *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment.") (internal quotation omitted); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373-74 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."); *Armstrong v. Scribner*, No. 06cv852 L(RBB), 2008 WL 268974, at *26 (S.D. Cal. Jan. 30, 2008) ("The Court may deny a motion to file supplemental pleadings when supplementation would be futile, such as where the newly-asserted claims would not survive a motion to dismiss.").

More broadly, the proposed supplemental allegations and requests for *in camera* inspection have no relevance to *any* of the claims in this litigation against *any* of the defendants. Facebook and Mr. Zuckerberg have addressed this more fully in their opposition to the Motion (*see* Dkt. No.

- 1 -

104). Poynter hereby adopts and incorporates the arguments set forth in that opposition as if fully stated herein.

CHD's continual gamesmanship of filing request after request to supplement its pleadings and take judicial notice of irrelevant court decisions (*see, e.g.*, Dkt. Nos. 97, 102), all in an effort to delay adjudication of the parties' pending motions to dismiss, must end here. CHD has been afforded every opportunity to fully plead its case, including amending its complaint after reviewing the legal arguments raised by the parties in the motions to dismiss the original complaint. Poynter (and all defendants) should not have to incur constant, additional expense responding to CHD's repetitive attempts to inject even more irrelevant matters into this case.

For the foregoing reasons, Poynter respectfully requests that the Motion be denied, or, if granted, that CHD's Second Amended Complaint be dismissed with prejudice because the supplemental allegations fail to cure the fatal defects that are the subject of the pending motions to dismiss.

Dated: June 21, 2021

**JASSY VICK CAROLAN LLP**
By: */s/ Kevin L. Vick*
KEVIN L. VICK

**THOMAS & LOCICERO PL**
By: */s/ Carol Jean LoCicero*
CAROL JEAN LOCICERO

*Attorneys for Defendant, The Poynter Institute for Media Studies, Inc.*

- 2 -

CASE NO.: 3:20-CV-05787-SI

THE POYNTER INSTITUTE FOR MEDIA STUDIES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FURTHER SUPPLEMENT ITS SECOND AMENDED COMPLAINT

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatures have concurred in this filing.

| | | |
|---|---|---|
| Dated: June 21, 2021 | By: | */s/ Kevin L. Vick* |
| | | Kevin L. Vick |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

| | | |
|---|---|---|
| Dated: June 21, 2021 | By: | */s/ Kevin L. Vick* |
| | | Kevin L. Vick |

- 3 -

CASE NO.: 3:20-CV-05787-SI   THE POYNTER INSTITUTE FOR MEDIA STUDIES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FURTHER SUPPLEMENT ITS SECOND AMENDED COMPLAINT