1
2
3
4

ROGER I. TEICH
California State Bar No. 147076
290 Nevada Street
San Francisco, CA 94110
Telephone:  (415) 948-0045
E-Mail Address:  rteich@juno.com

5
6
7
8
9

ROBERT F. KENNEDY, JR.
MARY HOLLAND
Children's Health Defense
1227 North Peachtree Parkway, Suite 202
Peachtree City, GA 30269
Telephone:  (917) 743-3868
E-Mail Address:  mary.holland@childrenshealthdefense.org

Attorneys for Plaintiff
CHILDREN'S HEALTH DEFENSE

10
11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

12
13
14
15
16
17
18
19
20
21

CHILDREN'S HEALTH DEFENSE,

Plaintiff,

v.

FACEBOOK, INC., et al.,

Defendants.

Case No. 3:20-cv-05787-SI

**PLAINTIFF'S MOTION TO STAY JUDGMENT AS TO DEFENDANT SCIENCE FEEDBACK ON GOOD CAUSE TO EXTEND TIME FOR FOREIGN SERVICE, OR FOR INDICATIVE RULING AS TO TIMELINESS OF JUNE 24, 2021 SERVICE; RITA SHREFFLER DECLARATION AND EXHIBITS; NELSON TUCKER DECLARATION**

Fed. R. Civ. P. 4(f)(1), 4(h)(2), 6(b)(1), 62(h), 62.1

**Hearing Date:** September 3, 2021

22
23
24
25
26
27
28

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

# **TABLE OF CONTENTS**

Page #

TABLE OF AUTHORITIES ....................................................................................................................ii

NOTICE OF MOTION TO STAY JUDGMENT AS TO SCIENCE FEEDBACK, OR FOR
INDICATIVE RULING AS TO TIMELINESS OF  JUNE 24, 2021 SERVICE UNDER THE
HAGUE CONVENTION ........................................................................................................................ 1

STATEMENT OF REQUESTED RELIEF............................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ........................... 4

FACTUAL  STATEMENT ..................................................................................................................... 4

     A.     CHD's Timely Service of the Domestic Corporate and Invidual Defendants................... 4

     B.     CHD's Efforts to Serve Science Feedback ............................................................................ 4

ARGUMENT .......................................................................................................................................... 7

     A.     The Court Has Authority to Stay the Judgment as to Science Feedback Pending
          Appeal to Balance the Equities and Avoid Piecemeal Litigation ...................................... 7

     B.     CHD's Reasonable Efforts to Serve Science Feedback Warrant Issuance of a Stay
          to Preserve the *Status Quo* Pending Appeal ..................................................................... 9

     C.     The Court Should Equitably Toll the Statutes of Limitations for CHD's Claims
          Against Science Feedback ................................................................................................. 11

     D.     CHD's Excusable Neglect for Failure to Seek an *Ex Ante* Enlargement of Time........... 12

     E.     Alternately, the Court Should Issue an "Indicative Ruling" under Rule 62.1 as to
          How It Would Rule on These Issues Should the Ninth Circuit Remand for that
          Purpose............................................................................................................................. 14

CONCLUSION...................................................................................................................................... 14

i

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
465 F.3d 946 (9th Cir. 2006) ........................................................................7, 8

*Bateman v. U.S. Postal Serv.*,
231 F.3d 1220 (9th Cir. 2000) ...........................................................................13

*Boudette v. Barnette*,
923 F.2d 754 (9th Cir. 1991) .............................................................................13

*Briones v. Riviera Hotel & Casino*,
116 F.3d 379 (9th Cir. 1997) .............................................................................13

*Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*,
489 F.3d 1356 (D.C. Cir. 2007) ..........................................................................2

*Curtis-Wright Corp. v. General Elec. Co.*,
446 U.S. 1 (1980) ...............................................................................................2

*De Tie v. Orange Cty.*,
152 F.3d 1109 (9th Cir. 1998) ......................................................................10, 13

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
375 F.3d 861 (9th Cir. 2003) ...............................................................................2

*Furtado v. United Rentals, Inc.*,
2015 U.S. Dist. LEXIS 94350 (N.D. Cal. 2015) ...............................................14

*Gradillas v. Lincoln Gen. Ins. Co.*,
2013 U.S. Dist. LEXIS 40585 (N.D. Cal. 2013) .................................................3

*Griggs. v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982)...............................................................................................2

*Hendry v. Schneider*,
116 F.3d 446 (10th Cir. 1997) ...........................................................................10

*Hilton v. Braunskill*,
481 U.S. 770 (1987)..............................................................................................8

*Holland v. Florida*,
560 U.S. 631 (2010)............................................................................................11

*In re National Security Agency Telecomms. Records Litig.*,
564 F. Supp. 2d 1109 (N.D. Cal. 2008) ...............................................................9

ii                              Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

*In re Sheehan*,
   253 F.3d 507 (9th Cir. 2001) ...............................................................9, 10, 11, 14

*Intrade Industries v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA,
   2008 U.S. Dist. LEXIS 105911 (E.D. Cal. Dec. 24, 2008) ..............................10

*Itel Container Int'l Corp. v. Alanttrafik Express Serv., Ltd.*,
   686 F. Supp. 438 (S.D.N.Y. 1988) ....................................................................9

*JBR, Inc. v. Café Don Paco, Inc.*,
   2013 U.S. Dist. LEXIS 65089 (N.D. Cal. 2013) ................................................9

*Lower Elwha Band of S'Klsllams v. Lunumi Indian Tribe*,
   235 F.3d 443 (9th Cir. 2000) ..............................................................................2

*Lucas v. Daihatsu Motor Co.*,
   2012 U.S. Dist. LEXIS 139531 (N.D. Cal 2012) ...............................................9

*Maldonado v. Harris*,
   370 F.3d 945 (9th Cir. 2004) ............................................................................11

*Motors Liquid. Co. Avoidance Action Trust ex rel. Wilmington Trust Co. v. JPMorgan
   Chase Bank, N.A. (In re Motors Liquid. Co.)*,
   565 B.R. 275 (Bankr. S.D.N.Y. 2017) ...........................................................9, 10

*O'Donnell v. Vencor, Inc.*,
   466 F.3d 1104 (9th Cir. 2006) ............................................................................3

*Office Depot, Inc. v. Zuccarini*,
   2007 U.S. Dist. LEXIS 86615 (N.D. Cal. 2007) ................................................8

*Patchick v. Kensington*,
   743 F.2d 675 (9th Cir. 1984) ..............................................................................2

*Pincay v. Andrews*,
   389 F.3d 853 (9th Cir. 2004) (en banc) ...........................................................13

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ..........................................................................................13

*Po-Hai Tang v. CS Clean Sys. AG*, No. 11-cv-00212 BEN,
   2011 U.S. Dist. LEXIS 82609 (S.D. Cal. July 28, 2011) ...................................9

*Rodgers v. Watt*,
   722 F.2d 456 (9th Cir. 1983) ............................................................................12

*Standard Havens Prods. v. Gencor Indus.*,
   897 F.2d 511 (Fed. Cir. 1990) ............................................................................8

*Stanley v. Davis*,
   2016 U.S. Dist. LEXIS 31103 (N.D. Cal. 2016) ..............................................11

iii

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

*Van Strum v. Lawn*,
   940 F.2d 406 (9th Cir. 1991) ................................................................................................11

*Wei v State of Hawaii*,
   763 F.2d 370 (9th Cir. 1985) ................................................................................................10

*Williams-Guice v. Board of Educ.*,
   45 F.3d 161 (7th Cir. 1995) ..................................................................................................10

*Yagman v. Cornell Companies, Inc.*,
   693 Fed. Appx. 495, 497 (9th Cir. 2017) ..............................................................................11

*Zero Motorcycles, Inc. v. Nikola Motor Co.*,
   2018 U.S. Dist. LEXIS 59248 (N.D. Cal. 2018) ...................................................................14

**Federal Statutes**

42 U.S.C.
   § 1983 ....................................................................................................................................11

**California Statutes**

Code Civ. Proc.
   § 335.1 ...................................................................................................................................11

**Federal Rules of Civil Procedure**

   Rule 1 .....................................................................................................................................12
   Rule 4, Advisory Committee Note to 1993 Amendments, Subdivision (m) ................10, 12
   Rule 4(f)(1) ..........................................................................................................................1, 3
   Rule 4(f)(2)(C)(i) ...................................................................................................................10
   Rule 4(h)(2) ..................................................................................................................1, 3, 10
   Rule 4(m) ...............................................................................................................8, 9, 13, 14
   Rule 6(b) ............................................................................................................................12, 13
   Rule 6(b)(1) ............................................................................................................................12
   Rule 6(b)(1)(B) ........................................................................................................................2
   Rule 12(b)(6) .......................................................................................................................3, 8
   Rule 54(b) ................................................................................................................................2
   Rule 62(h) ...........................................................................................................................1, 7
   Rule 62.1 .............................................................................................................................2, 14
   Rule 62.1(a)(3) ..................................................................................................................3, 4, 5

**Internet Sources**

*Partners, Funders, & Donors*, SCIENCE FEEDBACK,
   https://sciencefeedback.co/partners-funders-donors/, last accessed July 21, 2021 ..............7

*Science Feedback partnering with Facebook in fight against misinformation*,
   SCIENCE FEEDBACK (May 14, 2019), https://sciencefeedback.co/science-feedback-
   partnering-with-facebook-in-fight-against-misinformation/ (last visited Nov. 12, 2020 ....7

iv                                        Plaintiff's Motion to Stay Judgment as to
                                          Science Feedback or for Indicative Ruling
                                          *CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

**Other Authorities**

15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 3914.7 (2d ed. 1992) ............................................................................................2

Wright & Miller, *Federal Practice & Procedure: Civil 3D*
    § 1137 (3d ed. 2002) ............................................................................................10

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

ROGER I. TEICH
California State Bar No. 147076
290 Nevada Street
San Francisco, CA 94110
Telephone:  (415) 948-0045
E-Mail Address:  rteich@juno.com

ROBERT F. KENNEDY, JR.
MARY HOLLAND
Children's Health Defense
1227 North Peachtree Parkway, Suite 202
Peachtree City, GA 30269
Telephone:  (917) 743-3868
E-Mail Address:  mary.holland@childrenshealthdefense.org

Attorneys for Plaintiff
CHILDREN'S HEALTH DEFENSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-05787-SI<br><br>**PLAINTIFF'S MOTION TO STAY JUDGMENT AS TO DEFENDANT SCIENCE FEEDBACK ON GOOD CAUSE TO EXTEND TIME FOR FOREIGN SERVICE, OR FOR INDICATIVE RULING AS TO TIMELINESS OF JUNE 24, 2021 SERVICE; RITA SHREFFLER DECLARATION AND EXHIBITS; NELSON TUCKER DECLARATION**<br><br>Fed. R. Civ. P. 4(f)(1), 4(h)(2), 6(b)(1), 62(h), 62.1<br><br>**Hearing Date:** September 3, 2021 |

**NOTICE OF MOTION TO STAY JUDGMENT AS TO SCIENCE FEEDBACK,
OR FOR INDICATIVE RULING AS TO TIMELINESS OF
JUNE 24, 2021 SERVICE UNDER THE HAGUE CONVENTION**

PLEASE TAKE NOTICE THAT Plaintiff Children's Health Defense ("CHD") hereby

moves to stay the Court's June 30, 2021 judgment of dismissal without prejudice as to Defendant

Science Feedback under Fed. R. Civ. P. 62(h) (hereafter "Rule") on a showing of good cause to

extend time for foreign service *nunc pro tunc* to June 24, 2021 (Rules 4(f)(1), 4(h)(2), and

1

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

6(b)(1)(B)), and for equitable tolling of the statute of limitations, or for an indicative ruling under Rule 62.1 that the foreign service effected on June 24, 2021 was timely, and that the Court would so rule should the Ninth Circuit Court of Appeals remand for that purpose.

## STATEMENT OF REQUESTED RELIEF

As to the three served Defendants – Facebook, Inc., Mark Zuckerberg, and The Poynter Institute for Media Studies, Inc ("Poynter") -- the Court's June 29-30, 2021 order and judgment is, indisputably, a "final judgment" which serves as an "ultimate disposition" of CHD's claims, *Curtis-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[1] *Lower Elwha Band of S'Klsllams v. Lunumi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000). On July 20, 2021, CHD filed its notice of appeal (Dkt. #109), since docketed as Case No. 21-16210 (Dkt. #110), which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs. v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

As to the French corporate defendant, Science Feedback, this Court dismissed CHD's claims without prejudice on the ground that Science Feedback "has not yet been served and has not appeared in this action[.]" (Dkt. #107 at 45; Dkt. #108 [Judgment].)  However, newly available evidence shows that on June 24, 2021 (5-days before that Order issued), an officer of the French Ministry of the Interior, acting on CHD's submission under the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), attempted to effect service on Science Feedback. This effort took four months following CHD's formal initiation of the process, and even longer if one

---

[1]     The Court made its intentions to close the case — having fully resolved the litigation as to all parties to the lawsuit — sufficiently clear from that Order and Judgment. The Ninth Circuit, like all other circuits, treats an improperly served defendant as never having been before the district court for purposes of Rule 54(b). *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 871-72 (9th Cir. 2003); *Patchick v. Kensington*, 743 F.2d 675 (9th Cir. 1984); *see also* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3914.7 (2d ed. 1992); *Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1361-62 (D.C. Cir. 2007). CHD does not ask the Court to adjudicate the validity of its prior service attempts at this time, but rather to recognize and give equitable effect to CHD's due diligence and effort. *Cf. Disabled Rights Action Comm.*, 375 F.3d at 872 (district court's granting of plaintiff's request to serve and file an amended complaint against an "indispensable party" indicated that further adjudication of the action by that court was contemplated).

2                    Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

takes into account the preliminary steps that CHD needed to take (at considerable expense) to obtain certified French translations of the SAC and related documents. Under these circumstances, CHD asks this Court to stay its judgment of dismissal without prejudice as to Science Feedback pending the outcome of the appeal, and to equitably toll the statute of limitations.[2] If this Court's June 29, 2021 Order of dismissal with prejudice as to the other three Defendants is upheld at the completion of appellate review, the dismissal as to Science Feedback should be deemed a dismissal <u>with</u> prejudice.[3] But, if this Court's Rule 12(b)(6) ruling is reversed on appeal, this Court should assess whether CHD's June 24, 2021 service was effective under Rule 4(f)(1), 4(h)(2)[4], or if not, whether substituted service should be permitted on the email address which Emmanuel Vincent, the President of Science Feedback, provided to the French police brigadier for case-notifications at the time he refused to accept service. *See, e.g.*, *Gradillas v. Lincoln Gen. Ins. Co.*, 2013 U.S. Dist. LEXIS 40585, at *6 (N.D. Cal. 2013) (framing contingent relief to avoid possibility of piecemeal appeals). Alternatively, the Court should issue an indicative ruling under Rule 62.1(a)(3) that it would find CHD's service of Science Feedback to be timely (if not effective), or would extend the time for service, if the Court of Appeal remands for that purpose.

In seeking this stay pending appeal, CHD is acting to prevent the loss of the right to sue Science Feedback, despite all its efforts, should its appeal succeed. That is a question of basic fairness and balance of equities. The substantive issues in the case are resolved and nothing remains to be done in this Court, other than to resolve this issue of preservation of Plaintiff's rights with respect to a Party which has not yet entered an appearance.

---

[2]     A stay of that judgment is appropriate out of fairness to CHD, in light of its showing of due diligence, to preserve the timeliness of CHD's claims against Science Feedback, pending resolution of the appeal. *See, e.g.*, *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (noting that statute of limitations is not tolled where complaint was dismissed without prejudice).

[3]     CHD holds the view that its substantive claims for relief against Science Feedback are not independently viable, and cannot proceed should the Court's order of dismissal with prejudice of those same claims against the other three Defendants be upheld on appeal.

[4]     The attestation states that the document "has been served" on Mr. Vincent by "Proces-verbal [] par Madame Marie Fonquerne, brigadier au c ommissariat de Paris X'VIIe art." (Shreffler Dec. Exhs. A, B.)

3          Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

## FACTUAL STATEMENT

### A.  CHD's Timely Service of the Domestic Corporate and Invidual Defendants

On August 17, 2020, CHD filed its Complaint against all four Defendants. (Dkt. #1.) On August 31, and September 9, 2020, CHD filed proofs of service of domestic corporate defendants Facebook, Inc. (Dkt. #16), and Poynter. (Dkt. #20). On September 14, 2020, CHD filed an affidavit of substituted service of defendant Zuckerberg through his counsel (Dkt. #35). On October 7, 2020, CHD filed an affidavit of substituted service of Poynter through its counsel. (Dkt. #49).

### B.  CHD's Efforts to Serve Science Feedback

CHD did everything in its power to diligently attempt prompt and timely service of Science Feedback, spending over $17,000 in the effort, hiring agents in France who personally hand-delivered the relevant documents to Science Feedback's president which he refused to sign for and in addition pursuing service under the Hague Convention, which involved having Science Feedback's president summoned to a police station where he was once again presented with the relevant documents which he once again refused to sign for.

Specifically, on August 17, 2020, CHD filed a certificate of service by mail of the complaint and related documents in English to Science Feedback, at 40 Rue Alexandre Dumas, 75011, Paris, France 11. (Dkt. #4.) On August 27, 2020, CHD obtained a court-approved amended summons to serve Science Feedback at a different address, 16, rue Cecile Furtado Heine – 75014 Paris, France. (Dkt. #13). On September 22, 2020, Goolam Monsoor, CHD's French process server, ascertained that Mr. Vincent had moved from the registered address for Science Feedback – 16, rue Cecile Furtado Heine – 75014 Paris, France. (*Id.*) Mr. Monsoor also found that Science Feedback did not have a publicly-listed agent to receive process, or an organizational email address. He obtained the 7-9 rue de Tocqueville 75017, Paris, France address for Science Feedback by calling Mr. Vincent's mobile telephone, and then hand-delivered the Complaint and related documents, in English and French,[5] to Mr. Vincent, at that address.

---

[5]     CHD's September 2020 French translation of its original complaint was uncertified. As described *infra*, CHD incurred cost and delay to obtain a *certified* French translation of its First and Second Amended Complaints,

4     Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

(Dkt. #44; *see also* Dkt. #45-1.) Mr. Vincent confirmed that he had already received those documents by mail at a third address, previously unknown to CHD:  65 Avenue Phillippe Auguste, 75011 Paris, France. (Dkt. #45-1 at 3.) He also signed a separate writing indicating that he "received documents from Mr. Monsoor," but he refused to sign a receipt or waiver of service. (*Id.*) On September 28, 2020, CHD also express mailed (DHL) the complaint and related documents to Science Feedback at the 7-9 rue de Tocqueville,75017 Paris, France address. (Shreffler Dec. Exh. D.)

On October 5, 2020, the Court denied CHD's request to serve Science Feedback through substituted service on Facebook's counsel. (Dkt. #48.) The Court stated, "At this early stage of the litigation, the Court finds it appropriate that plaintiff continue to attempt service on Science Feedback, including through the Hague Convention. CHD may renew its request for alternative service on Science Feedback if its continued efforts prove fruitless." (*Id.* at 3.)

On October 18, 2020, CHD contacted Celine Breton, a French certified translator before the Court of Rouen (Seine Maritime in Normandy) for purposes of preparing a certified translation of the operative documents. (Shreffler Dec. ¶ 2.) On October 20, 2020, CHD obtained a court-approved summons to serve Science Feedback at the 7-9 rue de Tocqueville, 75017 Paris, France address. (Dkt. #53.) On October 31, 2020, CHD paid Ms. Breton $3,077.44 for her certified translation services. In September through October 2020, CHD also paid ASAP Process Servers $2,428.13 for its efforts to serve all defendants, including its multiple efforts to serve Mr. Vincent abroad. (*Id.*)

On November 13, 2021, CHD filed its First Amended Complaint and related documents. (Dkt. #64.)  On December 4, 2021, CHD filed its Second Amended Complaint and related documents. (Dkt. #65.)  On or about December 20, 2021, CHD received from Ms. Breton a copy of the French translation of its First Amended Complaint, and request for additional payment to translate the Second Amended Complaint and related documents. On January 14, 2021, CHD paid Ms. Breton an additional $9,405.30 to provide a certified French translation of the SAC and Exh. "B" (Dkts. #65, 65-4.) On or about January 30, 2021, CHD received from Ms. Breton a certified French translation of the SAC. On or about

---

and related documents (*e.g.*, SAC Exhs. A & B, Civil Cover Sheet and Other Northern District Forms). An index of the documents as to which Ms. Breton rendered certified translations from English to French, is attached as Shreffler Dec. Ex. C.

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

February 21, 2021, CHD received from Ms. Breton a certified French translation of the SAC Exh. B. (Shreffler Dec. ¶ 2.) On or about July 22, 2021, CHD paid Ms. Breton an additional $1,018.80 for a certified English translation of the French Ministry of the Interior attestation of service and related documents, for a combined total expenditure on translations of $13,501.54. (Shreffler Dec. ¶ 2, Exh. B). All told, CHD engaged with Ms. Breton and/or with ASAP to render French translations of its Second Amended Complaint ("SAC"), and Exhibits "A" and "B," and eleven other case-related civil filing documents, which combined total well over 400-pages of text. (Shreffler Dec. Exh. C.)

In February 2021, CHD further retained ASAP Process Server to serve Science Feedback under the Hague Convention. (Tucker Dec. ¶ 3.) On March 2, 2021, CHD (through ASAP) initiated service of Science Feedback under the Hague Convention. (*Id.* ¶ 4.) On March 13, 2021, CHD paid ASAP Process Servers $1,589.38 for initiating service of Science Feedback under the Hague Convention, for a total paid ASAP of $4,017.51 for all its efforts. (Shreffler Dec. ¶ 2.)

CHD was advised as recently as July 12, 2021, that "service made in France pursuant to the Hague Service Convention typically take 3-4 months. However, due to restrictions related to COVID-19, service is currently taking 5-7 months. There is no available procedure to expedite the service. After the service is completed by French authorities, the French court will forward the proof of service ("Certificate") to the Ministry of Justice which will, in turn, forward the Certificate to the attorney for Plaintiff." (Tucker Dec. ¶ 6.)

On June 29, 2021, the Court issued its order which states, in relevant part, "CHD's claims against Science Feedback, which has not yet been served and has not appeared in this action, are DISMISSED WITHOUT PREJUDICE." (Dkt. #107 at 45.)

On July 15, 2021, CHD received an Attestation of Service from the French Ministry of Justice, as well as related documents relating to service of Science Feedback through Mr. Vincent under the Hague Convention. (Shreffler Dec. ¶ 3, Exhs. A, B.) The Attestation, which is dated July 7, 2021, states that service was effected on <u>June 24, 2021</u> – five days before the Court issued its order of dismissal. (Exh. A.) On July 16, 2021, CHD retained Ms. Breton to render a certified translation of the French documents relating to service. (Shreffler Dec. ¶ 3.) According to that translation, Ms. Marie Fonouerne, a judicial police officer, requested that Mr. Vincent appear at the police prefecture, and in response to

6                    Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

questions, he affirmed that he is the President of Science Feedback. Mr. Vincent agreed to receive electronic documents related to this action at the email address: info@sciencefeedback.co. However, Mr. Vincent also stated that "it is the company SCIVERIFY that works in partnership with FACEBOOK and not the association SCIENCE FEEDBACK. SCIVERIFY is a subsidiary of SCIENCE FEEDBACK and is located at 40 Rue Alexandre Dumas 75011 PARIS and it is who must be assigned, -- I refuse to accept the act which is not addressed to the right entity." (Exhs. A, B.)

According to Science Feedback's website, "Science Feedback is a non-profit organization registered in France. It fully owns a company (SciVerify) that conducts its business operations." (*Partners, Funders, & Donors*, SCIENCE FEEDBACK, https://sciencefeedback.co/partners-funders-donors/, last accessed July 21, 2021.) In the SAC, CHD alleged that "Science Feedback has partnered with Facebook since at least April 2019 to fact check Facebook content." *Science Feedback partnering with Facebook in fight against misinformation*, SCIENCE FEEDBACK (May 14, 2019), https://sciencefeedback.co/science-feedback-partnering-with-facebook-in-fight-against-misinformation/ (last visited Nov. 12, 2020). (SAC at ¶ 111.)  Science Feedback identified *itself – not* Sci Verify -- as the entity responsible for *all* of the false fact-check articles which it is alleged to have done at Facebook's command, except for two which were purportedly done by "Health Feedback," also a Science Feedback-owned entity. (*Id.* at ¶¶ 116, 132, 142, 158, 179 ["Fact-Check from Science Feedback" labels].)

## ARGUMENT

**A.  The Court Has Authority to Stay the Judgment as to Science Feedback Pending Appeal to Balance the Equities and Avoid Piecemeal Litigation**

Rule 62(h) provides that when a court has entered final judgment, it may upon its discretion, "stay enforcement of that judgment until the entering of a subsequent judgment or judgments." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955 (9th Cir. 2006) (quoting Fed. Rule Civ. P. 62(h)). Courts consider the following factors when deciding whether to grant a motion to stay enforcement of a judgment: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where

7                     Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A court may look to general

equitable principles when fashioning a stay of enforcement. *AmerisourceBergen*, 465 F.3d at 956; *see*

*Office Depot, Inc. v. Zuccarini*, 2007 U.S. Dist. LEXIS 86615 (N.D. Cal. 2007) (Illston, J.).

"When harm to applicant is great enough, a court will not require 'a strong showing' that

applicant is 'likely to succeed on the merits.'" *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511,

512 (Fed. Cir. 1990) (*citing Hilton*, 481 U.S. at 776-77 ["the traditional stay factors contemplate

individualized judgments in each case, the formula cannot be reduced to a set of rigid rules"]).

Denial of the stay will irreparably injure CHD because, even if its appeal succeeds on the Rule

12(b)(6) issues, its *Bivens* claim against Science Feedback will be time-barred by the two-year statute of

limitations, despite its due diligence in pursuing service of this Defendant over the past ten months.[6]

Also, CHD may succeed on the merits because the Court's June 29, 2021 Order addressed issues of first

impression on the Rule 12(b)(6) motions, and because CHD received neither notice nor opportunity to

show good cause for its failure to serve Science Feedback. *See e.g.*, Zuccarini, 2007 U.S. Dist. LEXIS

86615, at **3-4 (granting stay of auction of domain names which would irreparably place those names

beyond debtor's ownership, even if he were to prevail on appeal); Rule 4(m) ["the court – on motion or

on its own *after notice* to the plaintiff – must dismiss the action without prejudice against that defendant

or order that service be made within a specified time."] (emphasis added).).

Conversely, a stay will not prejudice any legitimate interest of Science Feedback. If the case is

affirmed on appeal, the case against Science Feedback will be dismissed with prejudice. It will not be

required to answer or move to dismiss until or unless the case is reversed on appeal and this Court

determines that CHD's prior service was effective, or that service must be made within a specified time,

or by an alternate method.

Based on CHD's showing of good cause, the Court should issue a stay of its judgment with

respect to Science Feedback, and equitably toll the statute of limitations from the August 17, 2020 filing

of the Complaint until the Ninth Circuit issues its mandate on appeal.

---

[6]   The SAC alleges that Science Feedback began to create materially false "fact-checks" of CHD's
posts on or about June 9, 2019. (SAC ¶¶ 115-16.)

8                   Plaintiff's Motion to Stay Judgment as to
                    Science Feedback or for Indicative Ruling
                    *CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

**B.  CHD's Reasonable Efforts to Serve Science Feedback Warrant Issuance of a Stay to Preserve the *Status Quo* Pending Appeal**

As has long been recognized and as this case shows, service of process on foreign defendants can be difficult. International service "may be a time-consuming process even in an English-speaking jurisdiction." *Itel Container Int'l Corp. v. Alanttrafik Express Serv., Ltd.*, 686 F. Supp. 438, 444 n.9 (S.D.N.Y. 1988). Accordingly, the Federal Rules do not impose the 90-day time limit that applies to domestic service. *See* Fed. R. Civ. P. 4(m), advisory committee's note; *see also Po-Hai Tang v. CS Clean Sys. AG*, No. 11-cv-00212 BEN, 2011 U.S. Dist. LEXIS 82609 (S.D. Cal. July 28, 2011) (plaintiff "not bound by Rule 4(m) to accomplish service within [the pre-2015 version of Rule 4(m)] 120-days of filing the complaint" if defendant is foreign corporation).

Instead, a flexible due diligence standard applies to determining whether service of process was timely.[7] "Reasonable time" under foreign service "should be liberally construed." *Motors Liquid. Co. Avoidance Action Trust ex rel. Wilmington Trust Co. v. JPMorgan Chase Bank, N.A. (In re Motors Liquid. Co.)*, 565 B.R. 275, 291-92 (Bankr. S.D.N.Y. 2017). Thus, courts are permitted to extend the time to serve the summons and complaint, even in the absence of good cause *and* even after the Rule 4(m) deadline for service has already expired. *See, e.g.*, *JBR, Inc. v. Café Don Paco, Inc.*, 2013 U.S. Dist. LEXIS 65089, at *19 (N.D. Cal. 2013) (retroactively extending [pre-2015] 120-day period in which to serve defendants who reside in a foreign country, where plaintiff had made prior attempts at service); *Lucas v. Daihatsu Motor Co.*, 2012 U.S. Dist. LEXIS 139531 (N.D. Cal 2012) (extending already-expired service time where service on foreign corporation entailed "more-complicated-than-usual procedures for doing so.")

---

[7]      Under Rule 4(m), upon a showing of good cause for defective service, the Court *must* extend the time period. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At a minimum, "good cause" means "excusable neglect." *Id.* at 513. To bring an excuse "to the level of good cause," a plaintiff "may be required to show the following factors": (1) "the party to be served received actual notice of the lawsuit"; (2) "the defendant would suffer no prejudice"; and (3) the "plaintiff would be severely prejudiced if his complaint were dismissed." *Id.; see also In re National Security Agency Telecomms. Records Litig.*, 564 F. Supp. 2d 1109, 1137 (N.D. Cal. 2008). *If plaintiff shows good cause for the failure, however, the court "must extend the time for service for an appropriate period." Id.* (emphasis supplied).

9                    Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

1    Good cause may be shown where plaintiff (1) attempted to serve a defendant but has not yet

2    completed it, (2) was confused about the requirements for service of process, or (3) was prevented from

3    serving a defendant because of events outside of Plaintiff's control. *See In re Sheehan*, 253 F.3d at 512

4    (case-by-case analysis); *Wei v State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Evasion or

5    obstruction of service – as occurred here -- may also constitute good cause for delay in service. *Id.* at

6    371; *Intrade Industries v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 U.S. Dist.

7    LEXIS 105911 (E.D. Cal. Dec. 24, 2008) (*citing Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir.

8    1997); *Williams-Guice v. Board of Educ.*, 45 F.3d 161 (7th Cir. 1995) ("Talking the process server out

9    of leaving the papers cannot exactly be called avoiding service, but it is not exactly cooperative either,

10   and this episode *might readily be called* "good cause" for further delay."); *see also* Wright & Miller,

11   *Federal Practice & Procedure: Civil 3D* § 1137, at 342 (3d ed. 2002) ("[G]ood cause is likely (but not

12   always) to be found when [. . .] the defendant has evaded service of the process or engaged in

13   misleading conduct[.]"). The need to obtain foreign-language translations is another factor which adds to

14   the reasonable time required to accomplish service on foreign parties. (*In re Motors Liquid. Co,* 565

15   B.R. at 292. Finally, and crucially here, "[r]elief may be justified, for example, if the applicable statute

16   of limitations would bar the re-filed action." Fed. R. Civ. P. 4, Advisory Committee Note to 1993

17   Amendments, Subdivision (m); *see also De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998)

18   (recognizing that an extension may be warranted if the statute of limitations has run).

19        All three *In re Sheehan* factors are present in this case, and warrant a retroactive finding of good

20   cause to extend the service time. First, CHD has attempted service on Science Feedback multiple times,

21   including by certified mail and by personal delivery within 90-days of filing the complaint (Dkt. ¶¶ 4,

22   44, 45-1 at 3), and under the auspices of the French Ministry of the Interior pursuant to the Hague

23   Convention, within 185-days of filing the SAC. (Shreffler Dec. ¶ 3; Exhs. A, B, C.) Indeed, Mr.

24   Vincent, Science Feedback's President, has had actual notice of the action, and acknowledged actual

25   receipt of the complaint both by mail and by personal delivery,[8] within 90-days of the filing of the

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [8]    To the extent that personal delivery under Rule 4(f)(2)(C)(i) is not a manner prescribed by Rule
28   4(h)(2) for service of a foreign corporation, CHD made a good faith mistake which meets the second
     *Sheehan* factor.

10              Plaintiff's Motion to Stay Judgment as to
                                          Science Feedback or for Indicative Ruling
                                          *CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

original complaint. (Dkt. #45-1 at 3 [Monsoor Dec.].) Yet, he has (arguably) evaded service by refusing to sign a receipt for those documents, and more recently, by giving the French police brigadier the bogus excuse that "SciVerify," not Science Feedback, is the proper entity to be sued, and at a different address. (Shreffler Dec. Exh. B.) CHD has spent considerable time and expense -- more than $17,500 in service fees and for certified French translations of the SAC and related documents – in this effort. (*Id.* ¶ 2.) Yet, CHD has been obstructed from completing service by events outside of its control and Mr. Vincent's deliberate efforts to evade or frustrate service. *In re Sheehan*, 253 F.3d at 512.

Second, CHD cannot re-file the action against Science Feedback because, absent an extension of time and/or equitable tolling, that action would be time-barred by the two-year statute of limitations for *Bivens* claims. *See Yagman v. Cornell Companies, Inc.*, 693 Fed. Appx. 495, 497 (9th Cir. 2017) ("*Bivens* actions, like those arising under 42 U.S.C. § 1983, are governed by the relevant state's statute of limitations applicable to personal injury claims); *Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir. 1991). In California, such claims are subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1; *see also Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Moreover, a re-filed action at this juncture would raise significant piecemeal litigation concerns, as it is factually and legally intertwined with the case against Facebook, Zuckerberg, and Poynter -- unless it, too, were stayed pending the outcome of the appeal.[9] That is essentially the relief CHD seeks, in a way that is simpler, and preserves CHD's equitable rights.

**C.   The Court Should Equitably Toll the Statutes of Limitations for CHD's Claims Against Science Feedback**

The Court may equitably toll the timeliness provision of statutory claims for relief and, by implication, of the judge-made *Bivens* claim, if CHD shows: (1) that it has been pursuing its rights diligently, and (2) that some extraordinary circumstance stood in its way and prevented timely filing. *See, e.g.*, *Stanley v. Davis*, 2016 U.S. Dist. LEXIS 31103, at **3-4 (N.D. Cal. 2016) (*citing Holland v.*

---

[9]      The Court would also have to resolve – rather than defer until the Ninth Circuit reviews the viability of the pleaded claims for relief -- whether CHD is obliged to name and serve "SciVerify" instead of "Science Feedback" on Mr. Vincent's say-so, despite the labeling "Fact-Check by Science Feedback" on the posts at issue, and the statement on Science Feeback's website that it owns SciVerify.

11      Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

*Florida*, 560 U.S. 631 (2010) (tolling one-year limitations period applicable to habeas petitions). For the reasons stated above and in the attached declarations and exhibits, CHD has pursued its rights against Science Feedback diligently, and the extraordinary circumstance which stands in its way is the delay in foreign service under the Hague Convention, the lack of any available procedure to expedite that process, and the dismissal of its claims against Science Feedback without any other practical recourse to preserve them. (Tucker Dec. ¶ 6.) To the extent necessary, if for example CHD's June 24, 2021 service under the Hague Convention is ultimately deemed unavailing, the Court should grant CHD equitable tolling of its claims against Science Feedback *nunc pro tunc* to August 17, 2020, when it filed its original complaint in this action.

**D.  CHD's Excusable Neglect for Failure to Seek an *Ex Ante* Enlargement of Time**

Assuming CHD was remiss for failing to seek an enlargement of time at some point earlier in the proceedings,[10] the Court should consider CHD's request because it was the product of excusable neglect.

Rule 6(b) provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(Fed. R. Civ. P. 6(b)(1).) This rule is "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *see also* Rule 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). To determine whether CHD's failure to seek an *ex ante* enlargement of time – in the absence of any specific deadline for foreign service – constitutes "excusable neglect," this Court must apply a four-factor equitable test, examining: (1) the danger of

---

[10]     As argued *supra*, Rule 4 does not specify a time by which service of a foreign corporation "may or must be done." (Rule 6(b)(1).) The challenges of foreign service and the lack of clarity as to when an extension of time may be required, suggest an exercise of lenity here with respect to CHD's efforts.

12              Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

1  prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings;

2  (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v.*

3  *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.

4  2004) (en banc); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000); *Briones v. Riviera Hotel*

5  *& Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

6         In the April 29, 2021 Joint Case Management Statement, CHD stated that, "[d]espite multiple

7  prior attempts, it has not yet served Defendant Science Feedback, a French corporation, located in Paris,

8  France. A new summons for a newly-ascertained address of Defendant Science Feedback was issued by

9  the Court on October 20, 2020 (Dkt. #53). On December 15, 2020, CHD filed a Second Amended

10 Complaint ("SAC") with consent. (Dkt. ##65-1, 67.) On March 1, 2021, CHD transmitted its Request

11 for Service of Judicial Documents, which includes French translations of the SAC and its exhibits, and

12 all other service documents, to the French authority designated under the Hague Service Convention in

13 order to effectuate service on Science Feedback by that method" (Dkt. #90 at 3-4.).

14        CHD's failure to seek an enlargement of time for service, to the extent such a request was called

15 for under these circumstances, was excusable neglect in that: (1) CHD has been diligent in its underlying

16 efforts to effect service; (2) CHD believed that the reasonable service period ran anew from the

17 December 15, 2020 effective date of the SAC (which CHD had translated, and attempted to serve under

18 the auspices of the Hague Convention), rather than the August 17, 2020 original filing (which CHD had

19 already tried to serve twice by mailing, and once by personal delivery); and (3) CHD believed that its

20 good cause showing would be addressed at the case management conference which was set for May 5,

21 2021, but taken off calendar on that date.

22        Essentially, the "excusable neglect" standard under Rule 6(b) equates with the "good cause"

23 showing under Rule 4(m) required to extend the time for service. *De Tie v. Orange Cty.*, 152 F.3d at

24 1111; *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). CHD's evidence bears out that Science

25 Feedback received actual notice of the lawsuit in September, and again in October 2020, and a third time

26 on June 24, 2021, before entry of the Court's dismissal, when, with knowledge of the action, its

27 President provided a bogus excuse to refuse service by an officer of the French Ministry of the Interior.

28 In the end, CHD has attempted, if not effected, service on Science Feedback under the Hague

13                          Plaintiff's Motion to Stay Judgment as to
                                       Science Feedback or for Indicative Ruling
                                       *CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

1  Convention, as instructed by this Court in its October 5, 2020 Order (Dkt. #48 at 3), within 10-months of

2  the filing of the original complaint, and just over six-months of filing the SAC, which are not

3  unreasonable amounts of time for foreign service under the Hague Convention.

4          Science Feedback would suffer no legitimate prejudice from a finding of excusable neglect,

5  while CHD would be severely prejudiced if its complaint were dismissed.' *In re Sheehan*, 253 F.3d at

6  512; *see also Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 U.S. Dist. LEXIS 59248, *8 (N.D. Cal.

7  2018) (extending time for service even without "good cause" or statute of limitations bar because of lack

8  of prejudice to the defendant, actual notice of the lawsuit, and eventual service); *Furtado v. United*

9  *Rentals, Inc.*, 2015 U.S. Dist. LEXIS 94350 (N.D. Cal. 2015) (denying motion to dismiss under Rule

10 4(m) where delay in service was in the order of a few months, defendant would suffer no prejudice and

11 had been aware of lawsuit since it was filed less than a year earlier, and plaintiffs had effectively served

12 defendant). This record shows that CHD acted reasonably and conscientiously in its efforts to serve

13 Science Feedback, and that CHD's not seeking an *ex ante* enlargement of time in light of these

14 reasonable efforts, and the obstacles to service put up by Mr. Vincent, is excusable.

15     **E.   Alternately, the Court Should Issue an "Indicative Ruling" under Rule 62.1 as to How**

16          **It Would Rule on These Issues Should the Ninth Circuit Remand for that Purpose**

17         Rule 62.1 permits CHD to request an "indicative ruling" from this Court when this Court lacks

18 jurisdiction in the matter based on a pending appeal. Should the Court take the view that the pending

19 appeal divests it of any authority to stay the judgment with respect to Science Feedback, or rule on

20 CHD's good cause showing for an extension of time for foreign service, with equitable tolling, then

21 CHD requests an indicative ruling as to how the Court would rule on those related issues, should the

22 Ninth Circuit remand for that purpose.

23                                    **CONCLUSION**

24         For all of these reasons, CHD requests that the Court (1) stay its June 30, 2021 judgment

25 dismissing the action against Science Feedback without prejudice pending the outcome of the Ninth

26 Circuit appeal: (2) equitably toll the statute of limitations for CHD's claims against Science Feedback

27 from August 17, 2020, the original filing date, through the issuance of the Ninth Circuit's mandate

28 following appeal; or (3) issue an indicative ruling under Rule 62.1 as to how it would rule on these

14                 Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

issues should the Ninth Circuit remand for that limited purpose.

Dated: July 27, 2021                    Respectfully submitted,


_____
ROBERT F. KENNEDY, JR.
Founder and Chairman, Children's Health Defense


_____
MARY S. HOLLAND
General Counsel, Children's Health Defense


_____
ROGER I. TEICH
Counsel for Plaintiff
Children's Health Defense

Plaintiff's Motion to Stay Judgment as to
Science Feedback or for Indicative Ruling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI