ROGER I. TEICH
California State Bar No. 147076
290 Nevada Street
San Francisco, CA 94110
Telephone: (415) 948-0045
E-Mail Address: rteich@juno.com

ROBERT F. KENNEDY, JR.
MARY HOLLAND
Children's Health Defense
1227 North Peachtree Parkway, Suite 202
Peachtree City, GA 30269
Telephone: (917) 743-3868
E-Mail Address: mary.holland@childrenshealthdefense.org

Attorneys for Plaintiff
CHILDREN'S HEALTH DEFENSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-05787-SI<br><br>**PLAINTIFF'S [PROPOSED] ORDER GRANTING MOTION TO STAY JUDGMENT AS TO DEFENDANT SCIENCE FEEDBACK AND FOR EQUITABLE TOLLING** |

On June 29 and 30, 2021, this Court issued its order and judgment of dismissal with prejudice as to defendants Facebook, Inc., Mark Zuckerberg, and The Poynter Institute for Media Studies, Inc. ("Poynter"), and dismissal without prejudice as to defendant Science Feedback. (Dkts. ##107, 108.) On July 20, 2021, plaintiff Children's Health Defense ("CHD") filed its notice of appeal to the United States Court of Appeals for the Ninth Circuit (Dkt. #109), since docketed as Case No. 21-16210 (Dkt. #110).

On July 27, 2021, CHD filed the instant motion to stay the judgment of dismissal without prejudice as to defendant Science Feedback under Federal Rule of Civil Procedure 62(h). (Dkt. #111.) CHD proffers credible evidence of its diligence and expense constituting good cause to extend the time for foreign service of this French corporate defendant *nunc pro tunc* to June 24, 2021 under Rules

1   Plaintiff's [Proposed] Order Staying Judgment
as to Science Feedback and for Equitable Tolling
*CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

1  4(f)(1), 4(h)(2), and 6(b)(1)(B)). (Dkts. #111-1, 111-2, 111-3.) On that same basis, CHD also seeks an
2  order for equitable tolling of the statute of limitations for its claims against Science Feedback from
3  August 17, 2020, when the original complaint was filed, until such time as a mandate issues from the
4  Ninth Circuit Court of Appeals. The motion is unopposed by Facebook, Zuckerberg, and Poynter, all of
5  whom have appeared in this action. As noted in the Court's June 29, 2021 Order, Science Feedback has
6  not appeared in this action. (Dkt. #107 at 45).

7  Courts consider the following factors when deciding whether to grant a motion to stay
8  enforcement of a judgment: "(1) whether the stay applicant has made a strong showing that he is likely
9  to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)
10 whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
11 (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A court may look to
12 general equitable principles when fashioning a stay of enforcement. *AmerisourceBergen*, 465 F.3d at
13 956; *see Office Depot, Inc. v. Zuccarini*, 2007 U.S. Dist. LEXIS 86615 (N.D. Cal. 2007) (Illston, J.)
14 "When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is
15 'likely to succeed on the merits.'" *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed.
16 Cir. 1990) (*citing Hilton*, 481 U.S. at 776-77 ["the traditional stay factors contemplate individualized
17 judgments in each case, the formula cannot be reduced to a set of rigid rules."].)

18 Plaintiff has made a sufficient showing that it will be irreparably harmed by time-bar of one or
19 more of its claims against Science Feedback absent a stay, despite its due diligence in attempting
20 service under the Hague Convention, and that the issuance of a stay will not substantially injure the
21 other parties interested in the proceeding. Equitable tolling is warranted for the event that this Court
22 ultimately determines that CHD's timely prior service attempts were not effective.

23 Therefore, and for GOOD CAUSE shown, the Court finds as follows:

24 (1) Plaintiff's motion for a stay of the judgment as to Science Feedback is **GRANTED**;

25 (2) Plaintiff's request for equitable tolling of the statute of limitations for its claims against
26    Science Feedback is **GRANTED** *nunc pro tunc* from August 17, 2020 until such time as a
27    mandate issues from the Ninth Circuit.

28 (3) Within 10-days of the issuance of such mandate, in the event that this Court's order and

2                                Plaintiff's [Proposed] Order Staying Judgment
                                 as to Science Feedback and for Equitable Tolling
                                 *CHD v. Facebook* et al.; Case No. 3:20-cv-05787-SI

judgment are upheld, Plaintiff shall notify this Court that the stay should be lifted and judgment entered as to Science Feedback with prejudice, or in the event of a reversal of this Court's order and judgment, Plaintiff shall submit a 5-page brief explaining why its June 24, 2021 service was effective under Rule 4(f)(1), 4(h)(2), or substituted service should be permitted on the email address now on file with for Mr. Emmanuel Vincent, President of Science Feedback, or new service should be permitted within a specified time by an alternate method.

**IT IS SO ORDERED.**

Dated:

                                                SUSAN ILLSTON
                                                United States District Judge